VANESSA L. HOLTON (111613)
ROBERT G. RETANA (148677)
MARC A. SHAPP (266805)
JAMES J. CHANG (287008)
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2381
Fax: (415) 538-2321
Email:  james.chang@calbar.ca.gov

Attorneys for Defendant The State Bar of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, PC.; LEGALFORCE INC.; and RAJ V. ABHYANKER, <br><br>         Plaintiffs, <br><br> v. <br><br> LEGALZOOM.COM, INC.; USPTO; STATE BAR OF CALIFORNIA; STATE BAR OF ARIZONA, and STATE BAR OF TEXAS, <br><br>         Defendants. | Case No.   3:17-cv-7194-MMC <br><br> **DEFENDANT STATE BAR OF CALIFORNIA'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> DATE:   March 23, 2018 <br> TIME:    9:00 AM <br> DEPT:   Courtroom 7, 19th Floor <br>              450 Golden Gate Avenue <br>              San Francisco, CA 94102 <br><br> JUDGE: Honorable Maxine M. Chesney |

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on Friday, March 23, 2018, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, Courtroom 7, 19th Floor, at 450 Golden Gate Ave., San Francisco, California, 94102, before the Honorable Maxine M. Chesney, Defendant The State Bar of California will and hereby does move the Court for an order dismissing Plaintiffs' First Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all other papers submitted in support of the Motion, the record on file in this action, and such other written and oral argument as may be presented to the Court.

# TABLE OF CONTENTS

I.     INTRODUCTION ......................................................................................... 1

II.    LEGAL STANDARD ................................................................................... 1

III.   BACKGROUND AND PROCEDURAL HISTORY....................................... 2

IV.    ARGUMENT ............................................................................................... 3

    A.    THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST THE STATE BAR OF CALIFORNIA. ................................................................... 3

        1.    The Eleventh Amendment Bars Suits Against a State in Federal Court... 3

        2.    The State Bar of California is a State Agency Entitled to Eleventh Amendment Immunity from Suit. .............................................................. 4

        3.    The State Bar of California's Eleventh Amendment Immunity Specifically Applies to Antitrust Lawsuits Under the Sherman Act. .......................... 5

    B.    THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE DECLARATORY JUDGMENT ACT DOES NOT PROVIDE AN INDEPENDENT CLAIM FOR RELIEF. .............................................. 5

    C.    PLAINTIFFS FAIL TO STATE A VALID ANTITRUST CLAIM AGAINST THE STATE BAR OF CALIFORNIA. ................................................... 6

        1.    The First Amended Complaint Fails to Allege Plausible Facts Showing Unlawful Conduct or a Conspiracy in Restraint of Trade. ...................... 7

        2.    The First Amended Complaint Fails to Establish Antitrust Standing and Fails to Plead Antitrust Injury to Plaintiff Caused by the State Bar of California. .............................................................................................. 9

    D.    EVEN ASSUMING PLAINTIFFS COULD STATE A VALID ANTITRUST CLAIM, THE STATE ACTION DOCTRINE IMMUNIZES THE STATE BAR OF CALIFORNIA FROM THIS LAWSUIT. .................................. 11

    E.    PLAINTIFFS FAIL TO STATE A CLAIM FOR DECLARATORY JUDGMENT. ..................................................................................... 12

V.     CONCLUSION............................................................................................ 14

1

## **TABLE OF AUTHORITIES**

2

### **Cases**

3

*Albert v. State Bar of Cal.*
  No. SA CV 14-1905-DOC (ANx) (C.D. Cal. Mar. 27, 2015) .......................................... 4

*Allegrino v. State Bar of Cal.*
  Nos. C06-05490 MJJ, C07-00301 MJJ (N.D. Cal. May 10, 2007) ................................... 4

*Am. Ad Mgmt., Inc.*
  190 F.3d at 1055 (9th Cir. 1999).......................................................................................... 7

*Amarel v. Connell*
  102 F.3d 1494 (9th Cir. 1996) ............................................................................................ 10

*American Ad Mgmt., Inc. v. General Tel. Co.*
  190 F.3d 1051 (9th Cir. 1999) .............................................................................................. 7

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009).......................................................................................................... 2, 9

*Associated Gen. Contractors v. Cal. State Council of Carpenters*
  459 U.S. 519 (1983)...................................................................................................... 10, 11

*Atlantic Richfield Co. v. USA Petroleum Co.*
  495 U.S. 328, 109 L. Ed. 2d 333, 110 S. Ct. 1884 (1990)................................................... 6

*Bates v. State Bar of Ariz.*
  433 U.S. 350 (1977).......................................................................................................11, 12

*Bell Atl. Corp. v. Twombly*
  550 U.S. 544 (2007)..................................................................................................... passim

*Brown Shoe Co. v. United States*
  370 U.S. 294 .......................................................................................................................10

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*
  429 U.S. 477, 50 L. Ed. 2d 701, 97 S. Ct. 690 (1977)............................................... 6, 9, 10

*California Retail Liquor Dealers Ass'n v. Midcal Aluminum*
  445 U.S. 97 (1980)............................................................................................................. 12

*Edelman v. Jordan*
  415 U.S. 651 (1974)............................................................................................................. 4

*Glen Holly Entm't, Inc. v. Tektronix Inc.*
  352 F.3d 367 (9th Cir. 2003) ............................................................................................... 7

*Gonzalez v. Dep't of Real Estate*
  No. 2:15-cv-2448 GEB GGH PS (E.D. Cal. Feb. 6, 2017) ............................................... 5

*Hirsh v. Justices of Supreme Court*
  67 F.3d 708 (9th Cir. 1995) ................................................................................................ 4

*Hoover v. Ronwin*
    466 U.S. 558 (1984)............................................................... 12

*In re Attorney Discipline System*
    19 Cal.4th 582 (Cal. 1998).................................................... 3, 11

*In re Elec. Carbon Prods. Antitrust Litig.*
    333 F. Supp. 2d 303 (D.N.J. 2004) ......................................... 9

*In re Late Fee and Over-Limit Fee Litig.*
    528 F. Supp. 2d 953 (N.D. Cal. 2007) .................................... 9

*In re Rose*
    22 Cal.4th 430 (Cal. 2000).................................................... 2, 12

*In re TFT-LCD (Flat Panel)Antitrust Litig.*
    586 F. Supp. 2d 1109 (N.D. Cal. 2008) ................................. 9

*Jacobs v. The State Bar*
    20 Cal. 3d 191 (1977) ........................................................... 13

*Janakes v. U.S. Postal Serv.*
    768 F.2d 1091 (9th Cir. 1985) .............................................. 13

*Jemsek v. N.C. Med. Bd.*
    No. 5:16-CV-59-D (E.D.N.C. Feb. 20, 2017)........................ 5

*Kay v. State Bar of Cal.*
    No. C 09-1135 PJH (N.D. Cal. May 21, 2009)....................... 4

*Kendall v. Visa U.S.A., Inc.*
    518 F.3d 1042 (9th Cir. 2008) .......................................... 7, 8, 9

*Kentucky v. Graham*
    473 U.S. 159 (1985)............................................................... 4

*Khanna v. State Bar of Cal.*
    505 F. Supp. 2d 633 (N.D. Cal. 2007) .................................... 4

*Kinney v. State Bar of Cal.*
    No. 16-cv-02277-MMC (N.D. Cal. Aug. 29, 2016)............ 1, 5, 14

*Konig v. State Bar of Cal.*
    No. C 04-2210 MJJ (N.D. Cal. Sep. 16, 2004) ....................... 4

*Lebbos v. State Bar*
    53 Cal. 3d 37 (1991) ............................................................. 12

*Linda R.S. v. Richard D.*
    410 U.S. 614 (1973)............................................................... 14

*Lupert v. Cal. State Bar*
    761 F.2d 1325 (9th Cir. 1985) .............................................. 4

*Martinez v. Newport Beach City*
    125 F.3d 777 (9th Cir. 1997) ................................................. 2

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*
    312 U.S. 270 (1941) ............................................................................................ 12

*Medimmune, Inc. v. Genentech, Inc.*
    549 U.S. 118 (2007) ............................................................................................ 12

*N.C. State Bd. of Dental Exam'rs v. FTC.* ("*N.C. Dental*")
    135 S. Ct. 1101 (2015) .................................................................................... 5, 11

*Nationwide Mut. Ins. Co. v. Liberatore*
    408 F.3d 1158 (9th Cir. 2005) ............................................................................. 6

*Parker v. Brown*
    317 U.S. 341 (1943) ............................................................................................ 11

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) ............................................................................................... 3

*Purely Driven Prod., LLC v. Chillovino, LLC*
    171 F. Supp. 3d 1016 (C.D. Cal. 2016) ............................................................. 12

*Putman v. State Bar of Cal.*
    No. SACV 08-625-DSF(CW) (C.D. Cal. June 25, 2010) ..................................... 4

*Skelly Oil Co. v. Phillips Petroleum Co.*
    339 U.S. 667 (1950) ............................................................................................. 5

*Somers v. Apple, Inc.*
    729 F.3d 953 (9th Cir. 2013) ............................................................................... 1

*Starr v. Baca*
    652 F.3d 1202 (9th Cir. 2011) ............................................................................. 2

*Stormans, Inc. v. Selecky*
    586 F.3d 1109 (9th Cir. 2009) ........................................................................... 12

*Tanasescu v. State Bar of Cal.*
    No. SACV 11-00700-CJC (MAN) (C.D. Cal. Mar. 26, 2012) ............................ 4

*Town of Castle Rock v. Gonzales*
    545 U.S. 748 (2005) ........................................................................................... 14

*Will v. Michigan Dept. of State Police*
    491 U.S. 58 (1989) ............................................................................................... 4

*Wu v. State Bar*
    953 F. Supp. 315 (C.D. Cal. 1997) ..................................................................... 4

**Statutes**

15 U.S.C.
    § 1 ........................................................................................................... 1, 7, 8
    §§ 1-7 ................................................................................................................... 1
    § 15(a) ................................................................................................................. 7

28 U.S.C.
    §§ 2201-2202 ................................................................................................ 5

California Business & Professions Code
    §§ 6000-6243 ........................................................................................... 2, 12
    § 6076 ....................................................................................................... 11, 13

### Rules

Rules of the State Bar of California, Title 1, Div. 1
    Rule 1.2 ............................................................................................................ 3

### Constitutional Provisions

U.S. Constitution
    Eleventh Amendment ................................................................................ *passim*

Caifornia Constitution
    art. VI, § 9 ....................................................................................................... 2

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3

Plaintiffs Raj Abhyanker, LegalForce RAPC Worldwide, P.C., and LegalForce, Inc.

4

(collectively, "Plaintiffs") bring this lawsuit against LegalZoom, Inc. ("LegalZoom") and four

5

public agencies, including The State Bar of California ("State Bar of California").  Plaintiffs

6

allege that the State Bar of California, the administrative arm of the California Supreme Court

7

for attorney disciplinary matters, has conspired with LegalZoom, one of Plaintiffs' competitors,

8

in violation of the federal Sherman Antitrust Act ("Sherman Act"), 15 U.S.C. §§ 1-7.  Plaintiffs

9

do so by mere assertion, without alleging any evidentiary facts whatsoever that could amount to

10

a plausible claim under the Sherman Act.  Plaintiffs also seek declaratory relief against the State

11

Bar of California; however, they fail to allege any facts sufficient to establish that an actual

12

controversy exists between them and the State Bar of California.

13

As set forth below, this Court lacks subject matter jurisdiction to hear Plaintiffs' claims

14

against the State Bar of California because the State Bar of California enjoys immunity from suit

15

under the Eleventh Amendment, and therefore this suit should be dismissed with prejudice.  *See*

16

*Kinney v. State Bar of Cal.,* No. 16-cv-02277-MMC, 2016 U.S. Dist. LEXIS 115857 (N.D. Cal.

17

Aug. 29, 2016) (dismissing antitrust claim against State Bar of California with prejudice and

18

denying leave to amend because jurisdictional defect could not be cured by amendment), *aff'd*,

19

No. 16-16689, 2017 U.S. App. LEXIS 27006 (9th Cir. Dec. 28, 2017) (unpublished).

20

Moreover, even if the State Bar of California did not enjoy immunity from suit in this

21

case (which it does), the allegations in the operative First Amended Complaint ("FAC"), ECF

22

No. 10, fail to allege facts sufficient to establish an actual controversy between Plaintiffs and the

23

State Bar of California that would give rise to the Court's subject matter jurisdiction to hear

24

Plaintiffs' prayer for declaratory relief, or to state any claims upon which relief can be granted.

25

**II.    LEGAL STANDARD**

26

"To survive a motion to dismiss, a complaint must contain sufficient factual allegations,

27

taken as true, to 'state a claim to relief that is plausible on its face.'"  *Somers v. Apple, Inc.,* 729

28

F.3d 953, 959 (9th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A

1

plaintiff cannot merely put forth conclusory assertions, but must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citation omitted). The Court must "draw on its judicial experience and common sense" to determine if a complaint states a plausible claim. *Id.* Leave to amend following a dismissal may properly be denied where amendment would be futile. *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997) (affirming denial of leave to amend where plaintiff proffered no evidence to defeat defendants' immunities).

## III.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed their original complaint on December 19, 2017, and the State Bar of California accepted service of the complaint and summons on December 21, 2017. On January 10, 2018, Plaintiffs filed the operative FAC. *See* ECF No. 10. By stipulation, the State Bar of California's response is due February 20, 2018. *See* ECF No. 8. Plaintiffs have filed a Motion for Leave to File a Second Amended Complaint, ECF No. 54, which defendants, including the State Bar of California, oppose. *See* ECF No. 56. The initial Case Management Conference is set for March 23, 2018. ECF No. 53.

The State Bar of California is a public corporation established by the California State Constitution. Ca. Const., art. VI, § 9. It operates as an administrative arm of the California Supreme Court, and pursuant to the State Bar Act, Cal. Bus. & Prof. Code §§ 6000-6243, for the purpose of assisting in matters of admission and discipline of attorneys. *See In re Rose*, 22 Cal.4th 430, 438 (Cal. 2000) ("The State Bar is a constitutional entity, placed within the judicial article of the California Constitution, and thus expressly acknowledged as an integral part of the

judicial function."), *and In re Attorney Discipline System*, 19 Cal.4th 582, 599-600 (Cal. 1998) (same).[1]

Plaintiffs are a California attorney (Raj Abhyanker), a law firm wholly-owned by Mr. Abhyanker (LegalForce RAPC Worldwide, P.C.), and a Delaware corporation associated with the other two (LegalForce, Inc.).  *See* FAC, ¶¶ 3-5, 20, ECF No. 10 at 3-4, 8.  Plaintiffs allege facts they contend support seven claims for relief, of which only the first two are against the State Bar of California.  *See* FAC, ¶¶ 86-124, ECF No. 10 at 38-54.  However, Plaintiffs do not allege a single act or even a failure to act by the State Bar of California against any of the Plaintiffs.  The only alleged act or failure to act by the State Bar of California that it can discern in the FAC is the alleged failure to prevent LegalZoom from performing services related to filing for patents and trademarks before the U.S. Patent and Trademark Office.  As discussed in detail below, the allegations in the FAC fail to set forth facts sufficient to state any claim against the State Bar of California.

## IV.   ARGUMENT

### A.   THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE ELEVENTH AMENDMENT BARS ALL CLAIMS AGAINST THE STATE BAR OF CALIFORNIA.

#### 1.   The Eleventh Amendment Bars Suits Against a State in Federal Court.

The Eleventh Amendment immunizes a state from suits brought against it in federal court.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").  The Eleventh Amendment is recognition of a state's sovereign immunity and has long been construed by the courts to extend to suits brought against a state by its own citizens.  *Edelman v. Jordan*,

---

[1] *See also* Rules of the State Bar of California, Title 1, Div. 1, Rule 1.2 ("The State Bar acts as the administrative arm of the California Supreme Court in all matters related to attorney admission and discipline in California.").

1  415 U.S. 651 (1974) ("While the Amendment by its terms does not bar suits against a State by its

2  own citizens, this Court has consistently held that an unconsenting State is immune from suits

3  brought in federal courts by her own citizens as well as by citizens of another State."), *overruled*

4  *on other grounds, Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  This jurisdictional

5  bar applies regardless of the nature of the relief sought.  *Kentucky v. Graham*, 473 U.S. 159, 167

6  n.14 (1985) ("[a State] cannot be sued directly in its own name regardless of the relief sought").

### 2.  The State Bar of California is a State Agency Entitled to Eleventh Amendment Immunity from Suit.

9  The U.S. Court of Appeals for the Ninth Circuit has long recognized that that the State

10  Bar of California is a "state agency" and "arm of the state" entitled to Eleventh Amendment

11  immunity from suits in federal court.  *See, e.g., Hirsh v. Justices of Supreme Court*, 67 F.3d 708,

12  712, 715 (9th Cir. 1995) (holding State Bar of California is a "state agency" entitled to Eleventh

13  Amendment immunity); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) (affirming

14  dismissal on Eleventh Amendment grounds of suit against State Bar of California), *cert. denied*,

15  474 U.S. 916 (1985).  District courts within California uniformly apply the Ninth Circuit's ruling

16  that the State Bar of California enjoys Eleventh Amendment immunity from suit.[2]

---

19  [2] *See, e.g.,  Konig v. State Bar of Cal.*, No. C 04-2210 MJJ, 2004 U.S. Dist. LEXIS 19498, at *7

20  (N.D. Cal. Sep. 16, 2004) ("The Ninth Circuit and this Court have held that the Eleventh Amendment applies to the State Bar."); *Kay v. State Bar of Cal.*, No. C 09-1135 PJH, 2009 U.S.

21  Dist. LEXIS 43400, at *5 (N.D. Cal. May 21, 2009) ("It is well established that the State Bar and the State Bar's Board of Governors are arms of the State for Eleventh Amendment purposes.");

22  *Albert v. State Bar of Cal.*, No. SA CV 14-1905-DOC (ANx), 2015 U.S. Dist. LEXIS 189124, at *19 (C.D. Cal. Mar. 27, 2015) ("it is abundantly clear that the Eleventh Amendment applies to

23  suits against the State Bar."); *Wu v. State Bar*, 953 F. Supp. 315, 318 (C.D. Cal. 1997) ("The Eleventh Amendment provides the State Bar of California with immunity from suits in federal

24  court for monetary relief."); *Allegrino v. State Bar of Cal*., Nos. C06-05490 MJJ, C07-00301

25  MJJ, 2007 U.S. Dist. LEXIS 40155 (N.D. Cal. May 10, 2007) (State Bar of California is an "arm of the state" entitled to Eleventh Amendment immunity); *Tanasescu v. State Bar of Cal.*, No.

26  SACV 11-00700-CJC (MAN), 2012 U.S. Dist. LEXIS 56679 (C.D. Cal. Mar. 26, 2012) (same);

27  *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 644 (N.D. Cal. 2007) (same); *Putman v. State Bar of Cal.*, No. SACV 08-625-DSF(CW), 2010 U.S. Dist. LEXIS 80283, at *21 (C.D. Cal. June

28  25, 2010) (same).

### 3.   The State Bar of California's Eleventh Amendment Immunity Specifically Applies to Antitrust Lawsuits Under the Sherman Act.

The Eleventh Amendment applies to all claims against a state agency in federal court—specifically including Sherman Act antitrust claims.  This principle was re-affirmed just last year by Judge Chesney in *Kinney,* 2016 U.S. Dist. LEXIS 115857 (dismissing Sherman Act antitrust claim against the State Bar of California on the basis that the State Bar of California is a "state agency" entitled to Eleventh Amendment immunity).  The U.S. Supreme Court's decision in *N.C. State Bd. of Dental Exam'rs v. FTC* ("*N.C. Dental*"), 135 S. Ct. 1101 (2015), does not affect the Eleventh Amendment immunity analysis, as lower courts both within and outside the Ninth Circuit have continued to hold that Eleventh Amendment sovereign immunity provides a distinct and independent defense to Sherman Act antitrust claims against state agencies.  *See, e.g., Jemsek v. N.C. Med. Bd.,* No. 5:16-CV-59-D, 2017 U.S. Dist. LEXIS 23570, at *20 (E.D.N.C. Feb. 20, 2017) ("Eleventh Amendment immunity and antitrust state action immunity are distinct defenses to alleged Sherman Act violations."), *aff'd,* 697 F. App'x 234 (4th Cir. 2017) (unpublished); *Gonzalez v. Dep't of Real Estate,* No. 2:15-cv-2448 GEB GGH PS, 2017 U.S. Dist. LEXIS 16564, at *7 (E.D. Cal. Feb. 6, 2017) (analyzing the provisions of the Sherman Act for potential abrogation of Eleventh Amendment immunity and finding "no statement of intent to suspend or make an exception to the principle of sovereign immunity to permit the bringing of an action under this Act against the State or any of its agencies.").  This Court should do the same given that the Eleventh Amendment clearly affords the State Bar immunity from this lawsuit.

### B.   THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THE DECLARATORY JUDGMENT ACT DOES NOT PROVIDE AN INDEPENDENT CLAIM FOR RELIEF.

Plaintiffs' First Claim for Relief seeks a declaratory judgment against all defendants. FAC, ¶¶ 86-100, ECF No. 10 at 39-46.  To the extent this Court has the authority to grant declaratory relief, such authority derives from the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.  *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).  However, "Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Id.*  Therefore, Plaintiffs must also plead an independent claim for relief to

1   establish this Court's jurisdiction.  *Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161

2   (9th Cir. 2005) (The Declaratory Judgment Act "does not by itself confer federal subject-matter

3   jurisdiction" and a plaintiff suing a state in federal court must "plead an independent basis for

4   federal jurisdiction.").  Plaintiffs fail to plead an independent claim for relief against the State

5   Bar of California, and therefore this Court lacks subject matter jurisdiction to grant the

6   declaratory relief Plaintiffs seek.

7       Plaintiffs' only other claim for relief against the State Bar of California besides for

8   declaratory judgment is for alleged violations of the Sherman Act.  FAC, ¶¶ 101-124, ECF No.

9   10 at 46-54.  As shown above, the State Bar of Calfiornia enjoys Eleventh Amendment

10  immunity, and therefore this Court lacks subject matter jurisdiction to hear Plaintiffs' antitrust

11  claims.  Moreover, as explained below, even if the Eleventh Amendment did not bar Plaintiffs'

12  antitrust claims against the State Bar of California, Plaintiffs also have failed to allege facts

13  sufficient to state a claim upon which relief can be granted.  In either case, Plaintiffs' failure to

14  state a claim against the State Bar of California for alleged antitrust violations means that the

15  Court lacks subject matter jurisdiction to hear Plaintiffs' claim for declaratory relief as well.[3]

16  **C.    PLAINTIFFS FAIL TO STATE A VALID ANTITRUST CLAIM AGAINST**
        **THE STATE BAR OF CALIFORNIA.**

17

18      To state a valid antitrust claim, a plaintiff must plead a conspiracy to restrain trade "with

19  enough factual matter (taken as true) to suggest that an agreement was made."  *Twombly*, 550

20  U.S. at 544.  The plaintiff must then establish "antitrust injury, which is to say injury of the type

21  the antitrust laws were intended to prevent and that flows from that which makes defendants'

22  acts unlawful."  *Atlantic Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334, 109 L. Ed. 2d

23  333, 110 S. Ct. 1884 (1990) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S.

24

25  _____

26  [3] As discussed in Section IV.E. below, even if the Court were to find that an independent claim
    for relief conferred subject matter jurisdiction on this Court, Plaintiffs also fail to state a claim
27  upon which declaratory relief can be granted because Plaintiffs do not plead facts sufficient to
    support that an actual controversy exists regarding a matter within federal court subject matter
28  jurisdiction.

1   477, 489, 50 L. Ed. 2d 701, 97 S. Ct. 690 (1977)). [4]  As shown below, these requirements are not

2   met.

3               **1.      The First Amended Complaint Fails to Allege Plausible Facts**
                        **Showing Unlawful Conduct or a Conspiracy in Restraint of Trade.**

4

5            Plaintiffs fail to plausibly allege any unlawful or anticompetitive conduct by the State Bar

6   of California in violation of the antitrust laws.  To state a proper claim under the Sherman Act,

7   Plaintiffs must plead plausible evidentiary facts that would establish a conspiracy in restraint of

8   trade.  A conspiracy requires an agreement among multiple parties; mere parallel conduct is

9   insufficient.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008) ("To state a claim

10  under Section 1 of the Sherman Act, 15 U.S.C. § 1, claimants must plead not just ultimate facts

11  (such as a conspiracy), but evidentiary facts which, if true, will prove: (1) a contract,

12  combination or conspiracy among two or more persons or distinct business entities; (2) by which

13  the persons or entities intended to harm or restrain trade or commerce among the several States,

14  or with foreign nations; (3) which actually injures competition.").  A complaint must allege

15  plausible evidentiary facts that answer the basic questions of "who, did what, to whom (or with

16  whom), where, and when?"  *Id.* at 1048.

17           The FAC falls far short of meeting the heightened pleading standard for establishing an

18  antitrust conspiracy; it merely recites the bare elements of an antitrust claim without offering any

19  evidentiary facts that would make the allegations plausible.  The FAC's only two allegations

20  even referring to a purported conspiracy are simply bare assertions devoid of any factual detail:

21           PLAINTIFFS' ALLEGATION:  "The State Bar of California is unfairly conspiring with
                LegalZoom to violate Section 1 of the Sherman Act, 15 U.S.C. § 1 because it has not

22

23  ───────────────

24  [4] *See also Glen Holly Entm't, Inc. v. Tektronix Inc.*, 352 F.3d 367, 371 (9th Cir. 2003) ("Only
    those who meet the requirements for 'antitrust standing' may pursue a claim under the Clayton

25  Act; and to acquire 'antitrust standing, a plaintiff must adequately allege and eventually prove
    'antitrust injury.'") (quoting *American Ad Mgmt., Inc. v. General Tel. Co.*, 190 F.3d 1051, 1054-

26  55 (9th Cir. 1999)).  Although Plaintiffs refer only to the Sherman Act, 15 U.S.C. § 1, in the
    FAC, the private right of action for alleged violations of the Sherman Act is authorized by

27  Section 4 of the Clayton Act, 15 U.S.C. § 15(a), and the requirements for antitrust standing for
    Clayton Act claims apply here.

28

provided any guidance to Plaintiffs or anyone else permitting them to operate as a trademark filing service in the same manner as LegalZoom with its non-attorney 'peace of mind' trademark filing service, all the while turning a blind eye to LegalZoom."  FAC, ¶ 111, ECF No. 10 at 50.

PLAINTIFFS' ALLEGATION:  "As described above, beginning at least as early as September 2010 and continuing through at least December 2017, Defendants and their co-conspirators entered into a continuing agreement, understanding, combination and/or conspiracy in restraint of trade, resulting in harm both to competition generally and to Plaintiffs specifically, in violation of Section 1 of the Sherman Act."  FAC, ¶ 122, ECF No. 10 at 53-54.

These allegations do not state *how* the State Bar of California is allegedly conspiring with LegalZoom or the other public agency defendants; indeed Plaintiffs do not even allege that the State Bar of California has entered into an agreement with the other parties at all.  The allegations, taken together, merely claim that the State Bar of California failed to provide any guidance to Plaintiffs and has not disciplined LegalZoom.[5]  Acting or failing to act alone is not a "conspiracy" under the antitrust laws, or indeed under any common sense definition of the word. *Kendall,* 518 F.3d at 1047 ("to allege an agreement between antitrust co-conspirators, the complaint must allege facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin.") (quoting *Twombly*, 127 S. Ct. at 1970, n. 10).

Later, the FAC asserts that Defendants have engaged in a "boycott," but again fails to offer even the most basic details describing the alleged nature of this supposed conspiracy:

PLAINTIFFS' ALLEGATION:  "Defendants' refusal to permit Plaintiffs to operate in the same manner as LegalZoom constitutes a boycott, a collective refusal to deal with LegalZoom's unauthorized practice of law and exclusion of a competitor from the Relevant Market by Market Participants with market power, and thus is a per se antitrust violation.  In the alternative, Defendants' refusal to permit Plaintiffs from operating in the same way as LegalZoom with respect to federal trademark matters constitutes an unreasonable restraint of trade."  FAC, ¶ 123, ECF No. 10 at 54.

There are no facts here to even comprehend—let alone substantiate—what Plaintiffs mean when they allege that the State Bar of California engaged in "a collective refusal to deal

---

[5] Notably, Plaintiffs nowhere allege ever seeking such guidance.

1   with LegalZoom's unauthorized practice of law." FAC, ¶ 123, ECF No. 10 at 54. Taken

2   together, these allegations still do not answer the basic questions of "who, did what, to whom (or

3   with whom), where, and when?" (*Kendall*, 518 F.3d at 1048) necessary to establish a facially

4   sufficient claim. Moreover, the allegation of the existence of a conspiracy—either between a

5   regulator and a regulated party or among several government agencies agreeing together to

6   refrain from enforcing the laws as to one entity (among the hundreds of thousands of attorneys

7   and entities that these agencies regulate)—smacks of the type of implausibility that the Supreme

8   Court has held insufficient to meet the basic pleading standard under Rule 8 of the Federal Rules

9   of Civil Procedure. *Iqbal*, 556 U.S. at 679 ("where the well-pleaded facts do not permit the court

10  to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

11  show[n]—that the pleader is entitled to relief.") (internal quotations and citations omitted).

12  Merely invoking antitrust terminology without alleging specific evidentiary facts is insufficient

13  to meet the *Twombly* pleading standard for alleged antitrust conspiracies.[6] Plaintiffs' failure to

14  allege specifically and plausibly the existence of a conspiracy renders the FAC insufficient to

15  state a claim as a matter of law.

16          **2.      The First Amended Complaint Fails to Establish Antitrust Standing
                      and Fails to Plead Antitrust Injury to Plaintiff Caused by the State
17                    Bar of California.**

18          In addition to Plaintiffs' failure to plead unlawful conduct, Plaintiffs fail to establish

19  antitrust standing because the FAC does not plausibly allege that the State Bar of California has

20  caused Plaintiffs to suffer antitrust injury. To sustain an antitrust claim, a plaintiff "must prove

21  *antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent and

22  that flows from that which makes defendants' acts unlawful. The injury should reflect the

23

24  _____

    [6] *See, e.g., In re Late Fee and Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 961-63 (N.D. Cal.
25  2007) (granting motion to dismiss where complaint provided "no details as to when, where, or by
    whom this alleged agreement was reached"); *In re TFT-LCD (Flat Panel)Antitrust Litig.*, 586 F.
26  Supp. 2d 1109, 1117 (N.D. Cal. 2008) (an antitrust conspiracy claim "must allege that each
    individual defendant joined the conspiracy and played some role in it because, at the heart of an
27  antitrust conspiracy is an agreement and a conscious decision by each defendant to join it.")
    (quoting *In re Elec. Carbon Prods. Antitrust Litig.,* 333 F. Supp. 2d 303, 311 (D.N.J. 2004)).

28

anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation." *Brunswick*, 429 U.S. at 489 (1977) (emphasis in original).  The U.S. Supreme Court has identified the following factors to consider in determining whether a plaintiff who has allegedly borne an injury has antitrust standing:  "(1) the nature of the plaintiff's alleged injury; that is, whether it was the type the antitrust laws were intended to forestall; (2) the directness of the injury; (3) the speculative measure of the harm; (4) the risk of duplicative recovery; and (5) the complexity in apportioning damages."  *Amarel v. Connell*, 102 F.3d 1494, 1507 (9th Cir. 1996) (citing *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 535 (1983)).

The FAC fails to sufficiently plead that Plaintiffs have suffered antitrust injury as a result of any action by the State Bar of California.  Plaintiffs make only a bare assertion of loss but do not allege how the State Bar of California's actions have directly caused the loss:

> PLAINTIFFS' ALLEGATION:  "Defendants' unlawful and unreasonable exclusion of licensed lawyers from performing services, the way LegalZoom does in the Relevant Market, has injured competition in the Relevant Market and caused Plaintiffs to lose more than twenty million dollars ($20,000,000) of sales in the Relevant Markets."  FAC, ¶ 120, ECF No. 10 at 53.

Plaintiffs' purported injury—that they allegedly lost business to other competitors—is not the type of injury that the antitrust laws are intended to protect.  It is axiomatic that the antitrust laws "were enacted for 'the protection of competition, not competitors[.]'" *Brunswick*, 429 U.S. at 488 (quoting *Brown Shoe Co. v. United States,* 370 U.S. 294, 320).  The FAC does not allege that the State Bar of California has restrained Plaintiffs from competing vigorously in the marketplace; rather, it merely states that Plaintiffs themselves—on their own accord—have decided not to adopt LegalZoom's business model because of Plaintiffs' own subjective fear of enforcement action by the State Bar of California, among other unrelated agencies.  Because the FAC fails to establish any causal connection between any actual <u>action</u> by the State Bar of California and the Plaintiffs' alleged injury (injury allegations that are themselves highly speculative and unsubstantiated), Plaintiffs have failed to establish antitrust standing.  *See, e.g., Associated Gen. Contractors*, 459 U.S. at 545 (holding that plaintiff failed to establish antitrust

1    standing due to "the tenuous and speculative character of the relationship between the alleged

2    antitrust violation and the [plaintiff]'s alleged injury.").

3    **D.      EVEN ASSUMING PLAINTIFFS COULD STATE A VALID ANTITRUST CLAIM, THE STATE ACTION DOCTRINE IMMUNIZES THE STATE BAR OF CALIFORNIA FROM THIS LAWSUIT.**

4

5          Even if Plaintiffs were somehow able to reform their complaint to state a valid antitrust

6    claim, the State Bar of California would still enjoy immunity under the State Action Doctrine,

7    also known as *Parker* immunity.  *See Parker v. Brown*, 317 U.S. 341 (1943) (state agencies are

8    immune from federal antitrust liability for actions taken pursuant to a clearly expressed state

9    policy, even if the effect of that policy is anticompetitive).  The U.S. Supreme Court's holding in

10   *NC Dental* does not affect the State Bar of California's entitlement to invoke State Action

11   immunity with respect to the State Bar California's disciplinary enforcement authority, contrary

12   to Plaintiff's assertions (FAC, ¶¶ 102-106, ECF No. 10 at 46-49).  Unlike the dental board in *NC*

13   *Dental*, which had independent rulemaking and enforcement authority, the State Bar of

14   California's role with respect to attorney regulation and discipline is only to act as the

15   administrative arm of the California Supreme Court—a sovereign arm of the state.  *In re*

16   *Attorney Discipline Sys.*, 19 Cal. 4th at 589 (recognizing "the well-established role of the State

17   Bar as an administrative arm of [the California Supreme Court] with regard to attorney

18   discipline").  The State Bar of California merely recommends and assists the Court in enforcing

19   the California Rules of Professional Conduct, which are ultimately promulgated by the

20   California Supreme Court acting in its sovereign legislative capacity.  Cal. Bus. & Prof. Code §

21   6076.  The U.S. Supreme Court has long held that a state bar's enforcement of a state's rules of

22   attorney conduct, promulgated by a state's supreme court, are immune from Sherman Act

23   liability *ipso facto*.  *See Bates v. State Bar of Ariz.*, 433 U.S. 350, 360 (1977) (affirming the

24   antitrust immunity of the Arizona Supreme Court with respect to adoption of rules governing

25   attorney advertising, but invalidating the rules on First Amendment grounds; holding  "[the

26   Arizona Supreme Court] is the ultimate body wielding the State's power over the practice of law

27   . . . and, thus, the restraint is 'compelled by direction of the State acting as a sovereign.'");

28

1  *Hoover v. Ronwin*, 466 U.S. 558, 568 (1984) ("[A] decision of a state supreme court, acting

2  legislatively rather than judicially, is exempt from Sherman Act liability as state action.").[7]

3  **E.     PLAINTIFFS FAIL TO STATE A CLAIM FOR DECLARATORY
        JUDGMENT.**

4

5      The party seeking declaratory relief must show at the outset that there is a "substantial

6  controversy, between parties having adverse legal interests, of sufficient immediacy and reality

7  to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pacific Coal & Oil*

8  *Co.*, 312 U.S. 270, 273 (1941); *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1124 (9th Cir. 2009).

9  "The controversy must be 'definite and concrete, touching the legal relations of parties having

10  adverse legal interests,' such that the dispute is 'real and substantial' and 'admi[ts] of specific

11  relief through a decree of a conclusive character, as distinguished from an opinion advising what

12  the law would be upon a hypothetical state of facts.'"  *Purely Driven Prod., LLC v. Chillovino,*

13  *LLC*, 171 F. Supp. 3d 1016, 1018–19 (C.D. Cal. 2016) (quoting *Medimmune, Inc. v. Genentech,*

14  *Inc.*, 549 U.S. 118, 127 (2007)).

15

16  ―――――――――――――

17  [7] *Bates* and *Hoover* establish that the fact of the State Bar of California's role in attorney
    discipline as the administrative arm of the California Supreme Court, a sovereign arm of the

18  state, is sufficient for the State Bar of California to enjoy State Action immunity.  *Hoover*, 466
    U.S. at 569 ("When the conduct is that of the sovereign itself . . . the danger of unauthorized

19  restraint of trade does not arise. Where the conduct at issue is in fact that of the state legislature
    or supreme court, we need not address the issues of 'clear articulation' and 'active

20  supervision.'"); *Lebbos v. State Bar*, 53 Cal. 3d 37, 47 (1991) ("Our enforcement of disciplinary
    rules by suspending or disbarring an attorney is state action and, as such, is immune from

21  Sherman Antitrust Act liability.").

22  However, even assuming that analysis of the factors announced in *California Retail Liquor
    Dealers Ass'n v. Midcal Aluminum*, 445 U.S. 97, 105 (1980), were required, the State Bar of

23  California would easily meet them—the "clearly articulated policy" governing the State Bar of
    California's disciplinary enforcement efforts are set forth in the California Rules of Professional

24  Conduct and the State Bar Act, Cal. Bus. & Prof. Code §§ 6000-6243, enacted by the California
    Supreme Court and the California Legislature, respectively, and the California Supreme Court

25  actively supervises the State Bar of California's disciplinary function by reserving to the Court
    the sole and exclusive authority to suspend or disbar a California attorney.  *In re Rose*, 22 Cal.

26  4th at 438 ("the bar's role has consistently been articulated as that of an administrative assistant
    to or adjunct of [the California Supreme Court], which nonetheless retains its inherent judicial

27  authority to disbar or suspend attorneys.") (internal citations and quotations omitted).

28

Here, Plaintiffs fail to allege any controversy between them and the State Bar of California.  First, and for the multiple reasons discussed above, Plaintiffs cannot sustain a claim for relief for alleged antitrust violations by the State Bar of California.  Second, the alleged acts or omissions by the State Bar of California which Plaintiffs complain of do not establish a controversy.  Plaintiffs allege that <u>if</u> attorneys employed by them were to engage in the conduct practiced by the LegalZoom Defendants, those attorneys "likely . . . would be disbarred."  FAC, ¶ 71, ECF No. 10 at 32.  In a similar vein, Plaintiffs allege, "An actual controversy has arisen and now exists between Plaintiffs and the State Bar of California regarding the State Bar of California's rules disallowing Plaintiff to operate as a trademark filing service in the same manner as LegalZoom with its non-attorney 'peace of mind' trademark filing service."  FAC, ¶ 90, ECF No. 10 at 40.

These wholly speculative "facts" do not create an actual controversy between Plaintiffs and the State Bar of California because Plaintiffs do not allege that either Plaintiffs or the State Bar of California have done or will do anything.  Moreover, even if Plaintiffs' speculative allegations are read to raise a controversy, they fail to state a claim under *federal* law.  To state such a claim in federal court, "the coercive action . . . must arise under federal law[.]"  *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985) (quotation omitted).  The State Bar of California simply assists the California Supreme Court in enforcing the Rules of Professional Conduct.  *See* Cal. Bus. & Prof. Code § 6076.  Plaintiffs do not allege that the State Bar of California would seek to enforce a federal law.[8]

Finally, Plaintiffs also allege a controversy exists "regarding the State Bar of California's failure to prevent LegalZoom from operating its business for the purpose of filing trademark applications before the USPTO and failure to take action against LegalZoom for unauthorized practice of law."  FAC, ¶ 90, ECF No. 10 at 40.  However, Plaintiffs have no standing to

---

[8] The State Bar of California acts only in furtherance of the California Supreme Court's sole and exclusive authority to regulate and discipline California attorneys.  *See, e.g., Jacobs v. The State Bar*, 20 Cal. 3d 191, 196 (1977) ("[The California Supreme Court] has sole original jurisdiction to disbar or suspend an attorney.").

complain about whether or how the State Bar of California exercises its enforcement discretion. *See, e.g., Town of Castle Rock v. Gonzales,* 545 U.S. 748, 767 n.13, (2005) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (quoting *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973)).

**V.   CONCLUSION**

For the foregoing reasons, the Court should grant The State Bar of California's Motion to Dismiss with prejudice and without leave to amend.  *See Kinney*, 2016 U.S. Dist. LEXIS 115857 (dismissing antitrust claim against State Bar of California with prejudice and denying leave to amend because jurisdictional defect could not be cured by amendment).

Dated: February 16, 2018        THE STATE BAR OF CALIFORNIA
                                    OFFICE OF THE GENERAL COUNSEL

                             By:  */s/  JAMES J. CHANG*

                                 **ROBERT G. RETANA**
                                 **MARC A. SHAPP**
                                 **JAMES  J. CHANG**

                                 Attorneys for Defendant
                                 The State Bar of California

1

**DECLARATION OF SERVICE**

2

      I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a

3

party to the within above-entitled action, that I am employed in the City and County of San

4

Francisco, that my business address is The State Bar of California, 180 Howard Street, San

5

Francisco, CA 94105.

6

      On February 16, 2018, following ordinary business practice, I filed via the United States

7

District Court, Northern District of California electronic case filing system, the following:

8

**DEFENDANT STATE BAR OF CALIFORNIA'S NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF**

9

10

Participants in the case who are registered CM/ECF users will be served.

11

          *See the CM/ECF service list.*

12

      I declare under penalty of perjury under the laws of the State of California that the

13

foregoing is true and correct.

14

      Executed at San Francisco, California on February 16, 2018.

15

16

               /s/Joan Randolph_____
                 Joan Randolph

17

18

19

20

21

22

23

24

25

26

27

28