IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LEGALZOOM.COM, INC., et al.,<br><br>Defendants. | Case No. 17-cv-07194-MMC<br><br>**ORDER GRANTING LEGALZOOM'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEGALFORCE LEAVE TO AMEND** |

Before the Court is defendant LegalZoom.com, Inc.'s ("LegalZoom") motion, filed February 20, 2018, "to Dismiss Plaintiffs' First Amended Complaint." The motion has been fully briefed. Having read and considered the papers filed in support of and in opposition to the motion, the Court hereby rules as follows.[1]

LegalZoom argues that each claim asserted against it by plaintiff LegalForce, Inc. ("LegalForce") is subject to dismissal.[2] The Court considers in turn each of LegalForce's claims, which are the First, Third, Fourth and Fifth Causes of Action.[3]

---

[1] By order filed April 2, 2018, the Court took the matter under submission.

[2] The motion also seeks dismissal of claims asserted by Raj V. Abhyanker ("Abhyanker"), who, at that time, was a named plaintiff; after the motion had been briefed, however, plaintiffs filed a notice dismissing Abhyanker's claims. (See Notice, filed March 22, 2018.) The motion also seeks dismissal of claims asserted by plaintiff LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC"); by separate order filed concurrently herewith, the Court has granted LegalZoom's motion to compel LegalForce RAPC to arbitrate each of its claims against LegalZoom. Consequently, to the extent the instant motion is brought against Abhyanker and LegalForce RAPC, the motion is moot.

[3] Plaintiffs have voluntarily dismissed the Second Cause of Action (see Notice, filed March 5, 2018), and the Sixth and Seventh Causes of Action are not brought on behalf of LegalForce (see FAC ¶¶ 174, 186).

### A. First Cause of Action (Declaratory Relief)

In the First Cause of Action, titled "Declaratory Judgment," LegalForce seeks a declaration as to the type of conduct in which "licensed attorney[s]," "licensed law firm[s]," "legal technology C corporation[s]," and "foreign law firm[s] organized as an Alternative Business Structure" are permitted to engage in connection with the submission of trademark applications to the United States Patent and Trademark Office ("USPTO"). (See First Amended Complaint ("FAC") ¶ 100.)

LegalZoom argues LegalForce has failed to identify a controversy between LegalZoom and LegalForce upon which LegalForce can base a claim for declaratory relief. See 28 U.S.C. § 2201(a) (providing, "[i]n the case of actual controversy within its jurisdiction," court may "declare the rights and other legal relations of any interested party seeking such declaration"). The Court agrees.

In particular, given that neither LegalZoom nor LegalForce is alleged to be any of the above-listed entities, LegalForce fails to allege it "suffered an injury in fact" that is "likely to be redressed" by issuance of a declaration addressing the rights of any such entity. See Center for Biological Diversity v. Mattis, 868 F.3d 803, 816 (9th Cir. 2017) (setting forth elements necessary to establish standing to seek declaratory relief).

Accordingly, to the extent such claim is alleged against LegalForce,[4] the First Cause of Action is subject to dismissal.

### B. Third Cause of Action (Lanham Act)

In the Third Cause of Action, titled "Federal False & Misleading Advertising and Unfair Competition in Violation of the Lanham Act," LegalForce alleges LegalZoom has made false and/or misleading statements in its advertisements. (See FAC ¶¶ 129-37.) According to LegalForce, LegalZoom, which, LegalForce alleges, is not a "law firm" (see

---

[4]The First Cause of Action is also asserted against the USPTO. As the question of whether LegalForce has sufficiently alleged a controversy between itself and the USPTO is addressed in a motion to dismiss filed by the USPTO, which motion is scheduled for hearing on May 11, 2018, the Court does not address that question herein.

2

FAC ¶ 23), "prepar[es] and fil[es] trademarks" (see FAC ¶ 35) and, in advertising such services, makes "false comparisons to attorney led services" (see FAC at 34:7-8).

LegalZoom argues the Third Cause of Action fails because LegalForce fails to allege any facts to support a finding that it suffered any injury proximately caused by LegalZoom's assertedly false advertising. Again, the Court agrees.

"To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." Lexmark Int'l v. Static Control Components, Inc., 134 S. Ct. 1377, 1395 (2014). The FAC includes no factual allegations to support a finding that LegalZoom's advertising has had any effect on LegalForce's commercial interests or its reputation. See id. Moreover, the FAC contains an allegation that LegalForce "makes no revenue from [the] preparation and filing [of] U.S. trademark applications" (see FAC ¶ 20), thus seemingly acknowledging that its revenues are not affected by LegalZoom's advertising.

Accordingly, the Third Cause of Action is subject to dismissal.[5]

**C. Fourth Cause of Action (Business & Professions Code § 17500 et seq. and § 17600 et seq.)**

In the Fourth Cause of Action, titled "California False & Misleading Advertising in Violation of Cal. Bus. & Prof. Code § 17500 et seq. and § 17600 et seq.," LegalForce alleges LegalZoom has made false and/or misleading statements in its advertisements. (See FAC ¶¶ 144-47.)

As LegalZoom correctly points out, LegalForce lacks standing to assert a claim under the cited provisions of the Business and Professions Code, as such claims may only be asserted by a plaintiff "who has suffered injury in fact and has lost money or property as a result of a violation," see Kwikset Corp. v. Superior Court, 51 Cal. 4th 310, 321 (2011) (internal quotation and citation omitted), and, as set forth above, LegalForce

---

[5]LegalZoom is the only remaining defendant named in the Third, Fourth, and Fifth Causes of Action.

3

has failed to allege any facts to support a finding that it suffered such an injury.

Accordingly, the Fourth Cause of Action is subject to dismissal.

**D. Fifth Cause of Action (California Business & Professions Code § 17200 et seq.)**

In the Fifth Cause of Action, titled "California Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.," LegalForce alleges LegalZoom's false advertising constitutes "unfair competition." (See FAC ¶¶ 158-59.)

For the reasons stated above with respect to the Fourth Cause of Action, the Court finds LegalForce lacks standing to assert this claim as well. See Kwikset, 51 Cal. 4th at 321 (holding "private standing" to bring claim under § 17200 is "limited to any person who has suffered injury in fact and has lost money or property as a result of unfair competition") (internal quotation and citation omitted).

Accordingly, the Fifth Cause of Action is subject to dismissal.

**E. Leave to Amend**

At LegalForce's request, the Court will afford LegalForce leave to amend to cure, if it can do so, the above-discussed deficiencies. The Court will set a deadline to amend after resolution of two other motions, specifically, a motion to amend, scheduled for hearing on April 27, 2018, in which LegalForce seeks leave to, inter alia, add additional claims, and the USPTO's motion to dismiss, which, as noted, is scheduled for hearing on May 11, 2018.

## CONCLUSION

For the reasons stated above, LegalZoom's motion to dismiss LegalForce's claims against it is hereby GRANTED, and LegalForce's claims against LegalZoom are hereby DISMISSED, with leave to amend to be provided by the Court after resolution of the two motions identified above.

**IT IS SO ORDERED.**

Dated: April 10, 2018

MAXINE M. CHESNEY
United States District Judge

4