RAJ V. ABHYANKER, California SBN 233284
Email: raj@legalforcelaw.com
WENSHENG MA, California SBN 299961
Email: vincent@legalforcelaw.com

LEGALFORCE RAPC WORLDWIDE, P.C.
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:   (650) 965-8731
Facsimile:    (650) 989-2131

Attorneys for Plaintiffs,
LegalForce RAPC Worldwide, P.C., and
LegalForce, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C.; and LEGALFORCE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LEGALZOOM.COM, INC.; UNITED STATES PATENT & TRADEMARK OFFICE; and DOES 1-50, INCLUSIVE, <br><br> Defendants. | Case No.: 5:17-CV-07194-MMC <br><br> **PLAINTIFF LEGALFORCE, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT LEGALZOOM.COM, INC.'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Date: <br> Time: <br> Dept.:    Courtroom 7 <br> Judge:   Hon. Maxine M. Chesney |

Pursuant to Civil Local Rule 7-11(a), Plaintiff LegalForce, Inc. ("LegalForce") respectfully submit this Administrative Motion For Leave To File Opposition to Defendant LegalZoom.com, Inc. ("LegalZoom")'s Motion For Leave To File Motion For Reconsideration ("Administrative Motion").

LegalZoom's Motion For Leave To File Motion For Reconsideration ("Motion"), filed on April 25, 2018 as an attachment to Dkt. 108, is a motion deliberately calculated to bring up *red herrings* in order to remedy LegalZoom's past blunder in not singling out LegalForce from the other plaintiffs in its motion to compel arbitration (Dkt. 60) and the reply brief (Dkt. 80).

As an initial matter, online blogs are not provable assertion of facts and cannot be taken seriously. As a district court in the Ninth Circuit observes:

> [online] blogs are a subspecies of online speech which inherently suggest that statements made there are not likely provable assertions of fact. [S]tatements made on obviously critical blog with "heated" discussion and criticism less likely to be viewed as assertions of fact; [] statements made on personal website and through online discussion group less likely to be seen as assertions of fact; [] "online message boards provide virtual, public forums for people to communicate with each other about topics of interest" and "promote a looser, more relaxed communication style"; [] "low barrier to speaking online allows anyone with an Internet connection to publish his thoughts, free from the editorial constraints that serve as gatekeepers for most traditional media of disseminating information [] [o]ften result[ing] in speech characterized by grammatical and spelling errors, the use of slang, and, in many instances, an overall lack of coherence".

*Obsidian Fin. Group, LLC v. Cox*, 812 F. Supp. 2d 1220, 1223-1224 (D. Or. Aug. 23, 2011) (citations, quotations and brackets omitted). Indeed, here the online blogs of Raj Abhyanker often contain errors, hyperbole and colorful statements for artistic flair and humor. Abhyanker's Decl. ¶ 4. He uses blog posts as his creative outlet and as a way to express his emotions. *Id.* They are his personal conjectures and are not intended to be taken seriously. *Id.* Sometimes, his blog posts are edited and published by someone else. *Id.* ¶ 5. Such non-serious, casual writings cannot be used seriously in court proceedings. Therefore, LegalZoom's Motion must be denied because the entire Motion hinges upon the online blogs of Raj Abhyanker.

Moreover, the statements purportedly posted by Raj Abhyanker on online blogs are ***not new evidence*** to LegalZoom at all. LegalZoom seems to be utterly surprised, when it discovered

"new evidence" from the purported online statements of Raj Abhyanker, that "(1) Mr. Abhyanker was acting as LegalForce's *agent* when he used LegalZoom's trademark filing services; (2) LegalForce benefited from the use of LegalZoom's services, which was done to *investigate* LegalForce's case against LegalZoom; and (3) LegalForce is an *affiliate and business partner* of LegalForce RAPC." Dkt. 108 at 2:12-15. Therefore, LegalZoom argues, that "[t]hese facts justify reconsideration of the Court's order and granting LegalZoom's motion to compel arbitration." *Id.* at 2:15-16.

Amusingly, as early as February 20, 2018, in LegalZoom's motion to compel arbitration (Dkt. 60), LegalZoom already understood and argued that "Plaintiffs filed suit against LegalZoom after carrying out what appears to be some sort of specious '*sting operation*' to *investigate* certain aspects of LegalZoom's trademark services." *Id.* (emphasis added).[1] *Second,* in LegalZoom's reply brief (Dkt. 80) filed on March 13, 2018, LegalZoom already raised the arguments of *agency* and estoppel.[2] *Third,* in LegalZoom's motion to compel arbitration and reply, LegalZoom failed to argue that LegalForce is an *affiliate and business partner* of LegalForce RAPC based on the alleged facts in the First Amended Complaint ("FAC"). *See* Ex. A at 6.

As the Court order (Dkt. 102) correctly pointed out, what LegalZoom failed to do in its motion to compel arguments was to single out LegalForce from other plaintiffs and argue separately that LegalForce was an agent of Abhyanker or LegalForce RAPC or that it was a user or beneficiary of LegalZoom's service. *Id.* at 6:6-10. With reasonable diligence, LegalZoom could have made these arguments based on the existing facts available at the time of filing the

---

[1] *See also, e.g.,* LegalZoom's Motion to Dismiss (Dkt. 61): "Plaintiffs pretended to be customers of LegalZoom's self-help trademark services to carry out a fraudulent 'sting' investigation." *Id.* at 12:8-10; "Plaintiffs manufactured this lawsuit by conducting a 'sting' operation in which they attempted to entrap LegalZoom in what they claim is the unauthorized practice of law." *Id.* at 13:19-20; "In fact, by instigating a purported 'sting' investigation, Plaintiffs admittedly knew that they were NOT talking to attorneys at LegalZoom …" *Id.* at 32:24-25.

[2] *See* Dkt. 80 at 9-10 (Section C titled "Agency and Estoppel Principles Bar The LegalForce Entities From Maintaining Claims Against LegalZoom On The One Hand And Denying That LegalZoom's Terms Apply On The Other").

motion or reply. LegalZoom's counsel failed in that regard. Nothing has changed in fact or in law since LegalZoom filed the reply brief. The only reason that LegalZoom pretends to be utterly surprised of the "new evidence" *now*, is that it wants to re-litigate the issue of arbitration with respect to LegalForce, Inc. to correct its own mistakes and past failure. However, LegalZoom must bear the consequence of its own lack of reasonable diligence in not separately argue against LegalForce in its previous papers.

For the above reasons LegalForce would like to oppose the Motion, but a response to the Motion cannot be filed "[u]nless otherwise ordered by the assigned Judge." Civil L.R. 7-9(d). Therefore, LegalForce seeks leave from this Court in this Administrative Motion to oppose LegalZoom's Motion.

Plaintiff's opposition is attached hereto as Exhibit A. Also attached are the proposed order (Exhibit B), Declaration from Raj Abhyanker explaining, *inter alia*, why a stipulation from LegalZoom's counsel cannot be obtained (Exhibit C), *see* ¶ 12, and email communication with LegalZoom's counsel (Exhibit D).

DATED: April 27, 2018                    Respectfully submitted,
                                         LEGALFORCE RAPC WORLDWIDE P.C.


                                         /s/ Wensheng Ma
                                         Wensheng Ma (299961)
                                         Attorney for Plaintiffs: LegalForce RAPC
                                         Worldwide, P.C. and LegalForce, Inc.