IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LEGALZOOM.COM, INC., et al.,<br><br>Defendants. | Case No. 17-cv-07194-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 84 |

Before the Court is plaintiffs LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC") and LegalForce, Inc.'s ("LegalForce") "Motion for Leave to File Second Amended Complaint," filed March 21, 2018. Defendants LegalZoom.com, Inc. ("LegalZoom") and the United States Patent and Trademark Office ("USPTO") have separately filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

By the instant motion, plaintiffs seek leave to file a proposed Second Amended Complaint ("Proposed SAC").[2] The Court considers in turn the proposed claims.

**A. LegalForce RAPC's Proposed Amended Claims Against LegalZoom**

Plaintiffs seek leave to amend four of the six claims alleged by LegalForce RAPC against LegalZoom in their First Amended Complaint ("FAC").

Subsequent to the date on which the instant motion was filed, the Court granted LegalZoom's motion to compel arbitration of the claims alleged by LegalForce RAPC

---

[1] By order filed April 23, 2018, the Court took the matter under submission.

[2] The Proposed SAC is attached as an exhibit to the instant motion.

against it, and stayed said claims pending arbitration. (See Order, Doc. No. 102, filed April 10, 2018.) In their reply in support of the instant motion, which reply was filed after the above-referenced order, plaintiffs fail to argue, let alone demonstrate, LegalForce RAPC's proposed amendments take any of the stayed claims outside the scope of the arbitration agreement. See AT&T Technologies, Inc. v. Communication Workers of America, 475 U.S. 643, 650 (1986) (holding "where [a] contract contains an arbitration clause, there is a presumption of arbitrability"); Westinghouse Hanford Co. v. Hanford Atomic Metal Trades Council, 940 F.2d 513, 518 (9th Cir. 1991) (holding, "[b]ecause of the presumption in favor of arbitrability, [the party opposing arbitration] bears the burden of proving that the parties did not intend to arbitrate the [claim]"). Consequently, to the extent the Proposed SAC seeks to amend LegalForce RAPC's claims against LegalZoom, the Proposed SAC is futile. See Carrico v. City and County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (holding leave to amend "properly denied" where "amendment would be futile"); Halliburton & Associates, Inc. v. Henderson, Few & Co., 774 F.2d 441, 445 (11th Cir. 1985) (holding proposed amendment was "futile" where proposed claims were "subject to the parties' agreement to arbitrate").

Accordingly, to the extent plaintiffs seek leave to amend LegalForce RAPC's claims against LegalZoom, the motion will be denied.

**B. LegalForce's Proposed Amended Claims Against LegalZoom**

Plaintiffs seek leave to amend each of the four claims alleged by LegalForce against LegalZoom in the FAC.

Subsequent to the date on which the instant motion was filed, the Court granted LegalZoom's motion to dismiss LegalForce's claims as alleged in the FAC, and afforded LegalForce leave to amend to cure the deficiencies identified by the Court. (See Order, Doc. No. 103, filed April 10, 2018.) In their reply in support of the instant motion, which reply was filed after the Court dismissed with leave to amend LegalForce's claims against LegalZoom, plaintiffs fail to argue, let alone demonstrate, the Proposed SAC cures the

deficiencies identified by the Court, and, as discussed below, the Court finds it does not.

**1. Declaratory Relief**

In the FAC, LegalForce sought, with regard to the submission of trademark applications to the USPTO, a declaration setting forth the type of conduct in which "licensed attorney[s]," "licensed law firm[s]," "legal technology C corporation[s]," and "foreign law firm[s] organized as an Alternative Business Structure" are permitted to engage. (See FAC ¶ 100.) The Court found the FAC failed to identify any controversy between LegalForce and LegalZoom, neither of which was alleged to be any of the above-listed entities, and dismissed LegalForce's claim for declaratory relief.

In the Proposed SAC, plaintiffs base LegalForce's claim for declaratory relief on the existence of an alleged controversy as to whether LegalZoom "is engaged in the unauthorized practice of law." (See Proposed SAC ¶ 53.) The Proposed SAC fails, however, to allege any facts to establish LegalForce's standing to bring such a claim. Specifically, the Proposed SAC includes no facts to support a finding that LegalForce has "suffered an injury in fact" that is "likely to be redressed" by issuance of a declaration addressing the question of whether LegalZoom is engaging in the unauthorized practice of law. See Center for Biological Diversity v. Mattis, 868 F.3d 803, 816 (9th Cir. 2017) (setting forth elements necessary to establish standing to seek declaratory relief); (see also n.3, infra). Consequently, the proposed amended declaratory relief claim would be subject to dismissal, and, as such, is futile. See Moore v. Kayport Packaging Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989) (holding leave to amend properly denied where proposed complaint, if amended, would be "subject to dismissal").

Accordingly, to the extent plaintiffs seek leave to amend LegalForce's declaratory relief claim against LegalZoom, the motion will be denied.

**2. Lanham Act**

In the FAC, LegalForce alleged LegalZoom, in violation of the Lanham Act, made false and/or misleading statements in its advertisements. (See FAC ¶¶ 129-37.) The Court dismissed the Lanham Act claim for the reason that the FAC failed to include any

3

facts to support a finding that LegalForce suffered an injury proximately caused by LegalZoom's assertedly false advertising.

"To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." Lexmark Int'l v. Static Control Components, Inc., 134 S. Ct. 1377, 1395 (2014). As with the FAC, the Proposed SAC includes no factual allegations to support a finding that LegalZoom's advertising has had any effect on LegalForce's commercial interests or its reputation.[3] Consequently, the proposed amended Lanham Act claim would be subject to dismissal, and, as such, is futile.

Accordingly, to the extent plaintiffs seek leave to amend LegalForce's Lanham Act claim against LegalZoom, the motion will be denied.

### 3. California Business & Professions Code § 17500 et seq.

In the FAC, LegalForce alleged LegalZoom, in violation of § 17500 of the California Business & Professions Code, made false and/or misleading statements in its advertisements. (See FAC ¶¶ 144-47.) The Court dismissed the claim for the reason that the FAC failed to include any facts to support a finding that LegalForce suffered an injury as a result of LegalZoom's advertising. The Proposed SAC likewise fails to include any such facts. Consequently, the proposed amended § 17500 claim would be subject to dismissal, and, as such, is futile.

Accordingly, to the extent plaintiffs seek leave to amend LegalForce's § 17500

---

[3] In an introductory section of the Proposed SAC, plaintiffs collectively refer to both LegalForce RAPC and LegalForce as "LegalForce" (see Proposed SAC at 2:1-2), and, in a later section of the Proposed SAC, allege that "LegalForce" has "lost revenue" due to LegalZoom's "false advertising" because "consumers" have "purchase[d] LegalZoom's services instead of LegalForce's services" and because "LegalForce" has had to "reduce their attorney led service prices." (See Proposed SAC ¶ 46). Read in context, the latter references to "LegalForce" are solely references to LegalForce RAPC, as plaintiffs have alleged LegalForce, Inc. "makes no revenue from [the] preparation and filing o[f] U.S. trademark applications," but, rather, earns a "flat monthly" licensing fee from LegalForce RAPC that is "independent of the legal services revenue" earned by LegalForce RAPC. (See FAC ¶ 20.)

4

1 against LegalZoom, the motion will be denied.

## 4. California Business & Professions Code § 17200

In the FAC, LegalForce alleged LegalZoom, in violation of § 17200 of the California Business & Professions Code, engaged in "unfair competition" when it assertedly made false statements in its advertising. (See FAC ¶¶ 158-59.) The Court dismissed the claim for the reason that the FAC failed to include any facts to support a finding that LegalForce suffered an injury as a result of LegalZoom's advertising. The Proposed SAC likewise fails to include any such facts. Consequently, the proposed amended § 17200 claim would be subject to dismissal, and, as such, is futile.

Accordingly, to the extent plaintiffs seek leave to amend LegalForce's § 17200 against LegalZoom, the motion will be denied.

## C. Plaintiffs' Proposed Amended Claims Against the USPTO

As noted, plaintiffs, in the FAC, sought, with regard to the submission of trademark applications to the USPTO, a declaration setting forth the type of conduct in which "licensed attorney[s]," "licensed law firm[s]," "legal technology C corporation[s]," and "foreign law firm[s] organized as an Alternative Business Structure" are permitted to engage. (See FAC ¶ 100.) By separate order filed concurrently herewith, the Court granted the USPTO's unopposed motion to dismiss said claim to the extent alleged against the USPTO.

By the instant motion, plaintiffs seek leave to assert in the Proposed SAC the following claims against the USPTO: (1) a claim that the USPTO has deprived LegalForce RAPC of equal protection of the law; (2) a claim that the USPTO has deprived LegalForce RACP of due process; and (3) an amended claim for declaratory relief on behalf of both plaintiffs. As discussed below, each of the proposed claims is futile.

### 1. Equal Protection

Plaintiffs seek leave to allege, on behalf of LegalForce RAPC, a claim that the USPTO has deprived LegalForce RAPC of equal protection of the law. According to

plaintiffs, the USPTO has violated the Equal Protection Clause by applying to LegalForce RAPC, but not to LegalZoom, its "regulations governing how to practice before the USPTO with respect to filing trademarks" (see Proposed SAC ¶ 98),[4] even though LegalForce RAPC and LegalZoom "provide the same types of services" (see Proposed SAC ¶ 100). Plaintiffs allege the USPTO has, for example, required LegalForce RAPC to comply with a regulation providing that "a practitioner having direct supervisory authority over [a] non-practitioner assistant shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the practitioner," but has not required "LegalZoom's attorney employees" to comply therewith. (See Proposed SAC ¶¶ 88.b., 92.d.,98.e.)

To state an equal protection deprivation claim based on "selectivity in enforcement" of a government rule, the plaintiff must establish "the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." See Oyler v. Boles, 386 U.S. 448, 456 (1962); see also Lee v City of Los Angeles, 250 F.3d 668, 686-87 (9th Cir. 2001) (holding claim for violation of equal protection requires showing "defendants acted with intent or purpose to discriminate against the plaintiff based upon membership in a protected class"). Here, as the USPTO points out, plaintiffs fail to allege the USPTO's alleged disparate treatment of LegalForce RAPC and LegalZoom, or of employees of said entities, is or was based on an unjustifiable standard, let alone the USPTO's alleged decision not to enforce its regulations against LegalZoom was deliberately based on such a standard. Consequently, the proposed equal protection deprivation claim would be subject to dismissal, and, as such, is futile.

---

[4]Plaintiffs identify eight such regulations (see Proposed SAC ¶¶ 88, 95), including regulations requiring "[a] practitioner" to "provide competent representation to a client" (see Proposed SAC ¶ 88.a.), to "not represent a client if the representation involves a concurrent conflict of interest" (see Proposed SAC ¶ 88.e.), and to "hold property of clients or third parties that is in a practitioner's possession in connection with a representation separate from the practitioner's own property" in an "IOLTA trust account" (see Proposed SAC ¶ 88.g.).

Accordingly, to the extent plaintiffs seek leave to allege an equal protection deprivation claim against the USPTO, the motion will be denied.

**2. Due Process**

Plaintiffs seek leave to allege, on behalf of LegalForce RAPC, a claim that the USPTO has deprived LegalForce RAPC of due process. Specifically, plaintiffs allege, the USPTO has deprived LegalForce RAPC of its "right to engage in [its] chosen occupation," which is "practicing trademark law." (See Proposed SAC ¶¶ 90-91.)

Plaintiffs base their due process deprivation claim on their allegations that the USPTO has promulgated a number of regulations under which it has required LegalForce RAPC, but not LegalZoom, to comply. Specifically, plaintiffs allege, LegalForce RAPC has been subjected to "repeated and harassing acts by the USPTO including asking for 'names and home contact information for all non-practitioner legal assistants employed by LegalForce [RAPC]'" (see Proposed SAC ¶¶ 91, 93 (quoting "letter" LegalForce RAPC allegedly received from USPTO)), and has "spent over $100,000 on external ethics counsel as well as diverted over 80 hours of internal management working time solely to preparing responses" to the USPTO's "requests" that LegalForce RAPC demonstrate its compliance with USPTO regulations, while LegalZoom has not been required to show its compliance with USTPO regulations (see Proposed SAC ¶¶ 92-93).

To establish a due process deprivation claim based on the theory that the government has deprived a plaintiff of its "right to engage in the occupation of [its] choice," a plaintiff "must show, first, that [it is] unable to pursue an occupation in the [chosen field of business], and second, that this inability is due to actions that were clearly arbitrary and unreasonable." See Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 65 (9th Cir. 1994); see also Conn v. Gabbert, 526 U.S. 286, 291-92 (1999) (noting that every Supreme Court decision recognizing a "due process right to choose one's field of private employment" entailed "a complete prohibition of the right to engage in a calling").

//

Here, as the USPTO points out, plaintiffs fail to allege any facts to support a finding that LegalForce RAPC, as result of the asserted difference in required compliance, is "unable to pursue" the practice of trademark law. See Wedges/Ledges, 24 F.3d at 65. Indeed, plaintiffs allege that LegalForce RAPC, notwithstanding the USPTO's alleged insistence that it comply with USPTO regulations while not requiring LegalZoom to do so, "is the largest law firm filer of trademarks before the USPTO and has been for each of the past five years." (See Proposed SAC ¶ 31.) Consequently, the proposed due process deprivation claim would be subject to dismissal, and, as such, is futile.

Accordingly, to the extent plaintiffs seek leave to allege a due process deprivation claim against the USPTO, the motion will be denied.

### 3. Declaratory Relief

As noted, the Court dismissed plaintiffs' claim for declaratory relief against the USPTO, for the reason that plaintiffs did not oppose such dismissal. Plaintiffs now seek leave to amend that dismissed claim. Specifically, plaintiffs propose to plead they are entitled to declaratory relief to remedy the "USPTO's deprivation of [p]laintiffs' constitutional rights by its disparate enforcement of USPTO regulations." (See Proposed SAC ¶ 51.)

To the extent plaintiffs seek leave to allege the claim on behalf of LegalForce RAPC, the claim is futile, for the reasons stated above with respect to the proposed equal protection and due process deprivation claims. To the extent plaintiffs seek leave to allege the claim on behalf of LegalForce, the claim is futile, as the Proposed SAC includes no facts to support a finding that any USPTO regulation arguably applies to LegalForce, much less that the USPTO has attempted to enforce or otherwise threatened to enforce its regulations against LegalForce. See, e.g., Ellis v. Dyson, 421 U.S. 426, 434 (1975) (holding, to establish "case or controversy" for purposes of claim for declaratory relief, plaintiff must show "genuine threat" exists; explaining, in context of challenge to criminal ordinance, plaintiff must show "credible threat" he "might be

arrested and charged" thereunder).

Accordingly, to the extent plaintiffs seek leave to amend their claim for declaratory relief against the USPTO, the motion will be denied.

**CONCLUSION**

For the reasons stated above, plaintiffs' motion for leave to file the proposed SAC submitted on March 21, 2018, is hereby DENIED.

As set forth in the Court's April 10 order of dismissal, however, LegalForce has been afforded, for purposes of curing the deficiencies identified by the Court in said order, leave to amend any of the claims it asserted against LegalZoom in the FAC. Any such Second Amended Complaint shall be filed no later than May 18, 2018, and LegalForce may not, nor may any other plaintiff, add therein any new defendants, any new claims against LegalZoom or any claims against the USPTO, without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

In light of the above, the Case Management Conference is hereby CONTINUED from June 1, 2018, to July 27, 2018, at 10:30 a.m. A Joint Case Management Conference Statement shall be filed no later than July 20, 2018

**IT IS SO ORDERED.**

Dated: April 30, 2018

MAXINE M. CHESNEY
United States District Judge