IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>LEGALZOOM.COM, INC., et al.,<br><br>Defendants. | Case No. 17-cv-07194-MMC<br><br>**ORDER DENYING DEFENDANT LEGALZOOM'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 108, 109 |

Before the Court is defendant LegalZoom.com, Inc.'s ("LegalZoom") "Motion for Leave to File Motion for Reconsideration" ("Motion for Leave"), filed April 25, 2018. Having read and considered the Motion for Leave, the Court rules as follows.[1]

By order filed April 10, 2018, the Court granted in part and denied in part LegalZoom's motion to compel plaintiffs LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC") and LegalForce, Inc. ("LegalForce") to arbitrate their claims. Specifically, the Court granted the motion to the extent LegalZoom sought to compel LegalForce RAPC to arbitrate its claims, and denied the motion to the extent LegalZoom sought to compel LegalForce to arbitrate its claims. In particular, the Court found LegalForce RAPC was bound by Legal Zoom's "Terms of Service," as was former plaintiff Raj Abhyanker ("Abhyanker"), but that LegalForce was not. (See Order, filed April 10, 2018, at 3:21-22, 5:1 - 6:12.)[2]

---

[1] Plaintiffs' administrative motion for leave to file an opposition to the Motion for Leave is hereby DENIED. See Civil L.R. 7-9(d) (providing that "[u]nless otherwise ordered by the assigned Judge, no response need be filed").

[2] The Terms of Service contains an arbitration agreement.

United States District Court
Northern District of California

By the instant motion, LegalZoom seeks leave to file a motion for reconsideration in which, based on evidence it recently discovered, it argues LegalForce is bound by the Terms of Service. The new evidence consists of seven postings made by Abhyanker on two separate websites (see Doolin Decl. Exs. A-G),[3] which, LegalZoom contends, constitute concessions that LegalForce is bound by said agreement. The postings, whether read separately or together, however, fail to include any admission that LegalForce was a party to or otherwise bound by the Terms of Service, or any statement that would enable LegalZoom to meet its burden to establish that LegalForce is bound by the Terms of Service. See Knutson v. Sirius XM Radio Inc., 771 F.3d 559, 565 (9th Cir. 2014) (holding party seeking to compel arbitration has "burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence"). At best, the postings contain the same ambiguity present in the sentence of the First Amended Complaint ("FAC") on which LegalZoom relied in making its initial argument, namely, a nonspecific use of a plural (see FAC ¶ 60 (alleging "[p]laintiffs filed two trademark applications through the LegalZoom website"); Doolin Decl. Ex. C at 3 (post by Abhyanker) (stating "[w]e applied for two trademarks [with LegalZoom] under separate accounts")), which ambiguity, as discussed in the Court's April 10 order, was clarified by other allegations in the FAC in which the identity of the parties to the Terms of Service was clearly set forth (see Order, filed April 10, 2018, at 5:1-17).

Accordingly, the Motion for Leave is hereby DENIED.

**IT IS SO ORDERED.**

Dated: May 1, 2018

MAXINE M. CHESNEY
United States District Judge

---

[3] Five of the postings were made after briefing on the motion to compel arbitration was complete, and the remaining two postings were made after the Court ruled on said motion.

2