COOLEY LLP
BEATRIZ MEJIA (190948) (mejiab@cooley.com)
101 California Street, 5th Floor
San Francisco, CA 94111
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

MICHELLE C. DOOLIN (179445) (mdoolin@cooley.com)
DARCIE A. TILLY (239715) (dtilly@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:    (858) 550-6000
Facsimile:    (858) 550-6420
Attorneys for Defendant LEGALZOOM.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGALFORCE, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>LEGALZOOM.COM, INC.,<br><br>                Defendant. | Case No.  3:17-cv-07194-MMC<br><br>**DEFENDANT LEGALZOOM.COM, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     July 20, 2018<br>Time:    9:00 a.m.<br>Judge:   Hon. Maxine M. Chesney<br>Location:  Courtroom 7 |

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ......................................................................................................... 1

STATEMENT OF RELIEF SOUGHT ................................................................................. 1

STATEMENT OF ISSUES .................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 2

I.    INTRODUCTION. ...................................................................................................... 2

II.   BACKGROUND. ........................................................................................................ 4

      A.    Procedural History. ........................................................................................ 4

      B.    Allegations In The Second SAC. .................................................................. 4

III.  LEGAL STANDARD ON A MOTION TO DISMISS. .............................................. 6

      A.    Federal Rule Of Civil Procedure 12(b)(6). ................................................... 6

      B.    Federal Rule Of Civil Procedure 9(b). .......................................................... 6

      C.    Federal Rule Of Civil Procedure 12(b)(1). ................................................... 7

IV.   THE SECOND SAC SHOULD BE DISMISSED FOR FAILING TO STATE A
      CLAIM. ....................................................................................................................... 7

      A.    Plaintiff's False Advertising Lanham Act Claim (Count II) Is Inadequately
            Pled. ............................................................................................................... 7

            1.    Plaintiff Fails To Plead A Lanham Act Violation Based On
                  LegalZoom's Trademark Watch And Monitoring Service
                  Advertisements. .................................................................................. 8

                  a.    Plaintiff Fails To Identify The Allegedly False Statements With
                        The Particularity Demanded By Rule 9(b). .......................... 8

                  b.    Plaintiff's Proximate Cause Allegations Are Factually And
                        Legally Deficient. ................................................................. 9

                        (1)    It Is Implausible Plaintiff Was Injured By The Alleged
                               Misconduct ................................................................. 10

                        (2)    The Second SAC's Allegations Supporting Plaintiff's
                               Causation Theory Are Contradicted By Prior
                               Allegations And Judicially-Noticeable Facts ............. 11

                        (3)    Plaintiff's Proximate Cause Allegations Are Legally
                               Deficient ..................................................................... 12

                  c.    Plaintiff's Claims Are Barred By Laches Because They Are
                        Untimely And Prejudicial. .................................................. 12

            2.    Plaintiff Fails To Plead A Lanham Act Violation Based On The
                  Domain Name LegalZoomTrademarkia.com. .................................. 15

                  a.    LegalZoomTrademarkia.com Is Not A Commercial
                        Advertisement. ................................................................... 15

                  b.    Plaintiff Does Not Allege Any Facts Showing It Suffered
                        Harm. .................................................................................. 16

      B.    Plaintiffs' Claim Under California's UCL (Count III) Is Insufficiently Plead. ......... 16

**TABLE OF CONTENTS**
(continued)

**Page**

1.   Plaintiff Lacks UCL Standing Because It Cannot Plead that LegalZoom's Alleged Conduct Caused It Harm. .......................................... 17

2.   Plaintiff Fails To Plead A Violation Of The UCL's "Unfair" Prong. ........... 18

C.   Plaintiffs' Claim For Declaratory Judgment (Count I) Should Be Dismissed........... 19

D.   Plaintiff Lacks Article III Standing.......................................................................... 20

V.   THE SECOND SAC SHOULD BE DISMISSED WITH PREJUDICE. ............................. 21

VI.   CONCLUSION. ......................................................................................................... 22

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Cases**

*AccuImage Diagnostics Corp v. Terarecon, Inc.*,
260 F. Supp. 2d 941 (N.D. Cal. 2003) ...............................................................................8, 9

*Allen v. City of Beverly Hills*,
911 F.2d 367 (9th Cir. 1990) ...............................................................................................21

*Anza v. Ideal Steel Supply Corp.*,
547 U.S. 451 (2006)..............................................................................................................10

*Asahi Kasei Pharma Corp. v. CoTherix, Inc.*,
204 Cal. App. 4th 1 (2012) ..................................................................................................19

*Baby Trend, Inc. v. Playtex Prods., LLC*,
2013 WL 4039451 (C.D. Cal. Aug. 7, 2013)......................................................................14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................6, 10, 11

*Bly-Magee v. California*,
236 F.3d 1014 (9th Cir. 2001) ...............................................................................................9

*Brazil v. Dole Food Co.*,
935 F. Supp. 2d 947 (N.D. Cal. 2013) ...................................................................................7

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) .........................................................................................................18

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
598 F.3d 1115 (9th Cir. 2010) ...............................................................................................7

*Cleary v. News Corp.*,
30 F.3d 1255 (9th Cir. 1994) ...............................................................................................16

*Cocona, Inc. v. Singtex Indus. Co.*,
2014 WL 5072730 (D. Colo. Oct. 9, 2014) ...........................................................................7

*Congoo, LLC v. Revcontent LLC*,
2017 WL 5076397 (D.N.J. Nov. 3, 2017) ..............................................................................9

*Danjaq LLC v. Sony Corp.*,
263 F.3d 942 (9th Cir. 2001) ...............................................................................................13

*Daro v. Superior Court*,
151 Cal. App. 4th 1079 (July 3, 2007)...........................................................................17, 18

COOLEY LLP
ATTORNEYS AT LAW

iii

**DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC**

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Dorado v. Shea Homes Ltd. P'ship*,
2011 WL 3875626 (E.D. Cal. Aug. 31, 2011) ..................................................................19

*Fitbug Ltd. v. Fitbit, Inc.*,
78 F. Supp. 3d 1180 (N.D. Cal. 2015) ...................................................................13, 14

*U.S. ex rel. Garst v. Lockheed-Martin Corp.*,
328 F.3d 374 (7th Cir. 2003) ....................................................................................7

*Glendora Courtyard, LLC v. BBVA Compass Bancshares Inc.*,
2017 WL 960431 (S.D. Cal. Mar. 13, 2017) ...............................................................19

*Hewitt v. Helms*,
482 U.S. 755 (1987).................................................................................................20

*Huweih v. US Bank Tr., N.A.*,
2017 WL 396143 (N.D. Cal. Jan. 30, 2017) ...............................................................20

*Jackson v. Cty. of Sacramento Dep't of Health & Human Servs.*,
2017 WL 1375211 (E.D. Cal. Apr. 17, 2017).................................................................7

*Jennerjahn v. City of L.A.*,
2016 WL 1358950 (C.D. Cal. Mar. 15, 2016)..............................................................10

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ...............................................................................7, 9

*Kwikset Corp. v. Superior Court*,
51 Cal. 4th 310 (2011) .......................................................................................17, 18

*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
114 F. Supp. 3d 852 (N.D. Cal. 2015) .....................................................................8, 15

*Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*,
884 F.2d 504 (9th Cir. 1989) ..................................................................................18

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
134 S. Ct. 1377 (2014).....................................................................................8, 9, 16

*Lifeway Foods, Inc. v. Millenium Prods., Inc.*,
2016 WL 7336721 (C.D. Cal. Dec. 14, 2016) .........................................................13, 14

*Lujan v. Defenders of Wildlife*,
504 U.S. 555 (1992)................................................................................................20

COOLEY LLP
ATTORNEYS AT LAW

iv.

**DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC**

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Mangindin v. Wash. Mut. Bank*,
  637 F. Supp. 2d 700 (N.D. Cal. 2009) ........................................................................20

*McGlinchy v. Shell Chem. Co.*,
  845 F.2d 802 (9th Cir. 1988) .....................................................................................18

*McKenna v. WhisperText*,
  2015 WL 5264750 (N.D. Cal. Sept. 9, 2015) .............................................................11

*Miller v. Glenn Miller Prods., Inc.*,
  454 F.3d 975 (9th Cir. 2006) .....................................................................................14

*Moore v. Mars Petcare US, Inc.*,
  2017 WL 2931154 (N.D. Cal. July 10, 2017)................................................................7

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ...........................................................................................9

*Open Air Entm't, LLC v. CW Cases*,
  2012 WL 12892362 (C.D. Cal. July 26, 2012) ...........................................................16

*Papasan v. Allain*,
  478 U.S. 265 (1986)......................................................................................................6

*Pelayo v. Hernandez*,
  2015 WL 4747831 (N.D. Cal. Aug. 11, 2015) ...........................................................20

*Personalized User Model LLP v. Google Inc.*,
  2012 WL 295048 (D. Del. Jan. 25, 2012)...................................................................15

*Pipe Restoration Techs., LLC v. Pipeline Restoration Plumbing, Inc.*,
  2014 WL 12573357 (C.D. Cal. July 8, 2014)............................................12, 13, 14, 15

*Plan P2 Promotions, LLC v. Wright Bros., Inc.*,
  2017 WL 1838943 (S.D. Cal. May 8, 2017)................................................................16

*Rice v. Fox Broad. Co.*,
  330 F.3d 1170 (9th Cir. 2003) ...................................................................................15

*Shell Gulf of Mex. Inc. v. Ctr. for Biological Diversity, Inc.*,
  771 F.3d 632 (9th Cir. 2014) .....................................................................................20

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) ...................................................................................6, 11

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Stahl Law Firm v. Judicate W.*,
    2013 WL 4873065 (N.D. Cal. Sept. 12, 2013) .................................................................12

*TreeFrog Devs., Inc. v. Seidio, Inc.*,
    2013 WL 4028096 (S.D. Cal. Aug. 6, 2013) .................................................................18

*Two Jinn, Inc. v. Gov't Payment Serv., Inc.*,
    2010 WL 1329077 (S.D. Cal. Apr. 1, 2010).................................................................21

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .................................................................6, 9

**Other Authorities**

Federal Rule of Civil Procedure 12 .................................................................6

COOLEY LLP
ATTORNEYS AT LAW

**Notice of Motion**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 20, 2018, at 9:00 a.m., or as soon after as this matter may be heard, in Courtroom 7 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, 94102, LegalZoom.com, Inc. ("LegalZoom") will, and hereby does move under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure ("Rules"), to dismiss Plaintiff's second, Second Amended Complaint ("Second SAC" or "SSAC") filed on May 17, 2018. This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the pleadings and papers on file in this matter, and such other matters as may be presented to the Court at the hearing.

**Statement of Relief Sought**

LegalZoom seeks dismissal with prejudice of the entire Second SAC under Rule 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**Statement of Issues**

1. Whether Plaintiff LegalForce, Inc. ("Plaintiff" or "Trademarkia") adequately alleged a declaratory relief claim against LegalZoom.

2. Whether Plaintiff adequately alleged that LegalZoom violated the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

3. Whether Plaintiff adequately alleged that LegalZoom violated California's Unfair Competition Law, Business and Professions Code § 17200, *et seq*.

4. Whether Plaintiff has Article III standing to bring its claims.

**Memorandum of Points and Authorities**

## I.   INTRODUCTION.

Despite multiple attempts, Plaintiff has repeatedly failed to state a claim and is now grasping at straws to save its lawsuit. But, like each time before, the straws to which Plaintiff now clings cannot keep its lawsuit afloat.

The Court dismissed the First Amended Complaint ("FAC") on the ground that Plaintiff, as an entity that makes no revenue from trademark registration services, could not be injured by LegalZoom's allegedly unlawful trademark registration services. (ECF 103.) The Court then denied Plaintiff's request for leave to file its *first*, Second Amended Complaint ("First SAC") because the First SAC contained the same proximate causation defects as the FAC. (ECF 111.) In a last-ditch effort to save its lawsuit from dismissal, Plaintiff's *second*, Second Amended Complaint ("Second SAC" or "SSAC") alleges facts that have virtually no connection to the lawsuit's prior allegations. Plaintiff now claims that LegalZoom's alleged unlawful trademark registration services are causing Plaintiff to lose out on sales of a service *separate from* trademark registration—namely, Plaintiff's "trademark watch" service that allows entities to watch and monitor third party trademark activities. Plaintiff also claims it was harmed by LegalZoom's alleged registration of a website domain name containing both companies' names ("Disputed Domain"). Yet, even with these new theories of liability, Plaintiff again fails to plead proximate causation. Worse yet, the Second SAC *adds new* pleading defects.

*First*, Plaintiff does not—and cannot—plead that LegalZoom made a materially misleading commercial advertisement, as required to state a claim under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). With respect to Plaintiff's claim of lost sales for its trademark watch/monitoring service, Plaintiff fails to identify which LegalZoom advertisements are at issue. Consequently, Plaintiff cannot satisfy Rule 9(b)'s mandate that Plaintiff plead the contents of the alleged advertisement, as well as when and where the advertisement was displayed, and why such advertisement is misleading to consumers. As to Plaintiff's claim regarding the Disputed Domain, the Second SAC lacks any allegation that customers were made aware of the Disputed Domain or capable of finding it through Internet search engines. Thus, Plaintiff fails to plead facts indicating the Disputed

Domain was disseminated to the public. Without such allegations, the Second SAC lacks well-pled facts that the Disputed Domain qualifies as a commercial advertisement under the Lanham Act.

*Second*, Plaintiff fails to plead facts showing that the harm it allegedly suffered was proximately caused by LegalZoom such that it has standing to sue for false advertising under the Lanham Act. Plaintiff hypothesizes that because LegalZoom is unfairly taking trademark registration sales away from LegalForce RAPC Worldwide, P.C. ("LegalForce RAPC"), a law firm owned by Raj Abhyanker, the CEO and co-founder of Plaintiff, LegalForce RAPC's lost sales somehow suppress customer interest in Plaintiff's trademark watch/monitoring services. The Second SAC, however, fails to plead facts that are capable of supporting Plaintiff's speculation.

With regard to the Disputed Domain, Plaintiff asserts only conclusions that it suffered a loss in sales, market share and goodwill. There are no facts alleged tying Plaintiff's injury to LegalZoom's alleged use of the Disputed Domain. Indeed, Plaintiff does not allege that any consumers were made aware of the Disputed Domain, much less that potential Trademarkia customers found the domain and mistakenly purchased services from LegalZoom under a false impression that the entities are affiliated.

*Third*, in a desperate attempt to gain traction after its litigation setbacks, Plaintiff added allegations to the Second SAC that mischaracterize a purported overture by LegalZoom to partner with it in 2011. Instead of advancing Plaintiff's claims, this revisionist summary of the past demonstrates that Plaintiff could have been aware of facts it claims underlie its Lanham Act claim related to LegalZoom's trademark watch services 7 years ago. Plaintiff thus pleads itself into a laches defense.

*Fourth*, for the same reasons that Plaintiff fails to establish statutory standing under Section 1125(a)(1)(B) of the Lanham Act, Plaintiff fails to plead standing to pursue claims under California's Unfair Competition Law ("UCL"). Because Plaintiff fails to show that it suffered a loss of money or property proximately caused by LegalZoom's conduct, its UCL claim should be dismissed.

*Fifth*, the declaratory relief claim is dependent on the other claims and falls alongside them.

*Sixth*, for the same reasons that Plaintiff lacks statutory standing under the Lanham Act and UCL, Plaintiff also lacks Article III standing.

The Second SAC is Plaintiff's fourth attempt at pleading a viable complaint. Plaintiff's failure to state a claim, despite its multiple attempts, shows that it is not capable of doing so. Thus, for these

reasons, and further ones stated below, the Court should dismiss the Second SAC *with prejudice*.

## II. BACKGROUND.

### A. Procedural History.

The procedural history leading up to this motion is almost as convoluted as the legal theories pled in the Second SAC. What started out in December 2017 as a complaint by *three plaintiffs* against *nine defendants* asserting *seven claims* has devolved into a case by *one plaintiff* against *one defendant* asserting *three claims*. (*Compare* ECF 1, *with* ECF 119.) Along the way, plaintiffs voluntarily dismissed seven defendants (ECF 55, 58, 59, 68), voluntarily dismissed one cause of action (ECF 71), and voluntarily withdrew one plaintiff (ECF 85). The Court then ordered one of the two remaining plaintiffs to arbitration (ECF 102), and dismissed the remaining causes of action for failure to state a claim (ECF 103, ECF 110).

Following dismissal of the FAC, the Court denied Plaintiff's motion to file a Second Amended Complaint, holding that the proposed First SAC would be futile because the allegations failed to state a claim upon which relief could be granted against either LegalZoom or the U.S. Patent and Trademark Office. (ECF 111.) Of note, the Court held that Plaintiff failed to allege any facts showing that it was harmed by LegalZoom's alleged conduct. (ECF 111 at 4:6-8, 4:16-19, 5:5-8.) Nonetheless, the Court ultimately granted Plaintiff leave to amend its complaint against LegalZoom "for purposes of curing the deficiencies identified by the Court." (ECF 111 at 9:7-13.)

On May 17, 2018, Plaintiff filed its Second SAC, asserting three claims against LegalZoom: (1) declaratory judgment; (2) false advertising in violation of the Lanham Act; and (3) unlawful and unfair competition in violation of the UCL. (ECF 119.) The following day, Plaintiff filed a motion for leave the file a third amended complaint. (ECF 120.)

### B. Allegations In The Second SAC.

Plaintiff's Second SAC primarily focuses on "trademark watch and monitoring services." (SSAC ¶ 2.) Plaintiff did not mention these services in any of its previous complaints, all of which focused on trademark registration services. (*See* ECF 1, 10, 84-1.) Plaintiff contrasts "trademark filing services" from "trademark watch and monitoring services," alleging that watching/monitoring services are "utilized by customers who are actively policing their *existing* trademarks." (SSAC ¶ 2.)

COOLEY LLP
ATTORNEYS AT LAW

4.

Plaintiff alleges that it offers trademark watch/monitoring services through its website trademarkia.com and therefore competes with LegalZoom, which Plaintiff claims also provides trademark watch/monitoring services. (*Id.* at ¶¶ 3, 15.) Plaintiff, however, does not describe the actual services provided by either entity in their watch/monitoring services. Plaintiff further claims LegalZoom unfairly competes for watch/monitoring customers by offering both watch/monitoring services *and* trademark registration services. (*Id.* at ¶ 2.) Plaintiff claims that in contrast to LegalZoom, it does not offer both trademark registration and watch/monitoring services because it "believes" that trademark registration services "involve the unauthorized practice of law." (*Id.*) The allegation that Plaintiff does not offer registration services, however, is deceptive word play. *Trademark registration services are available at trademarkia.com through LegalForce RAPC.* (ECF 10 at ¶ 17 ("LegalForce RAPC Worldwide is the sole provider of legal services through the website Trademarkia.com with respect to trademark filings before the USPTO.").) Indeed, trademarkia.com advertises trademark registration services directly above watch/monitoring services.



(*See* Request for Judicial Notice, Ex. 1; *see* ECF 108-3, Ex. A at 2 ("When clients hire us for U.S. trademark filings through Trademarkia and want more advanced legal advice, they are represented by

my law firm, LegalForce RAPC Worldwide P.C.  Synergy, baby.").)  Notably, Plaintiff does not allege any facts about how consumers perceive the services offered through Trademarkia.com.

Plaintiff's Second SAC also contains allegations that it has lost trademark watch/monitoring sales because LegalZoom's advertisements for its trademark watch/monitoring services link potential consumers to LegalZoom's trademark registration services.  (SSAC ¶¶ 22, 51.)  The Second SAC, however, contains no details about these advertisements or how they caused Plaintiff's purported injuries.

Lastly, Plaintiff claims that LegalZoom purchased a domain name that contained both entities names (LegalZoomTrademarkia.com) which purportedly previously redirected users to LegalZoom.com.[1]  (SSAC ¶ 12.)  Missing from the Second SAC, however, are any factual details about whether consumers could search for the Disputed Domain or whether any consumers knew of the Disputed Domain and used it to made a purchase on LegalZoom.com.

### III. LEGAL STANDARD ON A MOTION TO DISMISS.

#### A. Federal Rule Of Civil Procedure 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must provide "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Indeed, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Additionally, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

#### B. Federal Rule Of Civil Procedure 9(b).

With respect to fraud-based claims, Rule 9(b) requires plaintiffs to plead "'the who, what, when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  Lanham Act and UCL claims that "allege intentional or

---

[1] Plaintiff's dedication of an entire page in the Second SAC to domain names that LegalZoom purportedly owns, and that have absolutely no connection to Plaintiff or its business, has no bearing on Plaintiff's ability to state a claim.  (SSAC ¶¶ 13-14 & n.3).

COOLEY LLP
ATTORNEYS AT LAW

6.

**DEFENDANT LEGALZOOM'S**
**MOTION TO DISMISS SSAC; MEMO OF P. & A.**
**3:17-CV-07194-MMC**

knowing misrepresentations" are subject to Rule 9(b). *Cocona, Inc. v. Singtex Indus. Co.*, 2014 WL 5072730, at \*8 (D. Colo. Oct. 9, 2014); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 963 (N.D. Cal. 2013) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)). Because Plaintiff bases its Lanham Act and UCL claims on allegedly deliberate misrepresentations, the claims are subject to Rule 9(b). (*See* SSAC ¶ 35 ("LegalZoom is a federal racket that employs a *fraudulent scheme* to *deceptively compete* with Trademarkia." (emphasis added)); *see also* Second SAC ¶¶ 46-47, 56); *Moore v. Mars Petcare US, Inc.*, 2017 WL 2931154, at \*2 (N.D. Cal. July 10, 2017) (Chesney, J.) (Rule 9(b) applies to misrepresentation claim).

### C.    Federal Rule Of Civil Procedure 12(b)(1).

"The Article III case or controversy requirement limits federal courts' subject matter jurisdiction by requiring, *inter alia*, that plaintiffs have standing." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). To plead standing, a plaintiff must allege "sufficient facts to establish that [its] injury is fairly traceable to Defendant's conduct." *Id.* at 1122. Where a plaintiff fails to plead Article III standing, its complaint is subject to dismissal under Rule 12(b)(1). *See id.*

### IV.    THE SECOND SAC SHOULD BE DISMISSED FOR FAILING TO STATE A CLAIM.

As with the FAC and First SAC that preceded it, Plaintiff's Second SAC is an "unclear mass of allegations. . . ." *See Jackson v. Cty. of Sacramento Dep't of Health & Human Servs.*, 2017 WL 1375211, at \*4 (E.D. Cal. Apr. 17, 2017); *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). When Plaintiff's narrative ramblings, unwarranted inferences, and conclusory allegations are stripped away, the few remaining factual allegations are insufficient to state a claim.

### A.    Plaintiff's False Advertising Lanham Act Claim (Count II) Is Inadequately Pled.

To state a claim under the Lanham Act for false advertising, a plaintiff must allege: (1) "a false statement of fact by the defendant in a commercial advertisement about its own or another's product;" (2) "the statement actually deceived or has the tendency to deceive a substantial segment of its audience;" (3) "the deception is material, in that it is likely to influence the purchasing decision; (4) the

defendant caused its false statement to enter interstate commerce;" and (5) "the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 859-60 (N.D. Cal. 2015) (citation omitted).  Here, Plaintiff alleges two theories to support its false advertising claim: (1) LegalZoom's advertisements for its trademark watch/monitoring services improperly connect customers to its trademark registration services (SSAC ¶ 46), and (2) LegalZoom's registration of the domain LegalZoomTrademarkia.com and misdirection of Plaintiff's consumers from that domain to LegalZoom.com (*id.* at ¶ 47).[2]  Neither theory states a claim.

### 1.    Plaintiff Fails To Plead A Lanham Act Violation Based On LegalZoom's Trademark Watch And Monitoring Service Advertisements.

As detailed below, Plaintiff's theory of liability related to LegalZoom's advertisements about trademark watch/monitoring services fails because (a) the Second SAC does not sufficiently identify the commercial advertisements at issue, and (b) the Second SAC does not adequately plead proximate causation.

### a.    Plaintiff Fails To Identify The Allegedly False Statements With The Particularity Demanded By Rule 9(b).

Plaintiff cannot dispute that it must set forth in the Second SAC "facts regarding the location, timing, [and] content of [LegalZoom's] allegedly false statements." *See AccuImage Diagnostics Corp v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 948 (N.D. Cal. 2003).  Plaintiff did not do so.  Plaintiff simply claims LegalZoom "used advertising links for its 'trademark watch service' that appear to be describing trademark watch and monitoring service as a bait to attract consumers to click on them, but then directed these same consumers to its non-attorney trademark filing service called 'Peace of Mind.'" (SSAC ¶ 46.)[3]  Nowhere does Plaintiff allege what these "links" said, when these "links"

---

[2] "Section 1125(a) . . . creates two distinct bases of liability: false association, § 1125(a)(1)(A), and false advertising, § 1125(a)(1)(B)." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1384 (2014).  Plaintiff is proceeding only under a false advertising theory in the Second SAC. (*See* SSAC Count II ("False & Misleading Advertising and Unfair Competition").)

[3] The allegation in paragraph 46 is also impermissibly based on "information and belief."  Plaintiff claims that all allegations, other than claims "with respect to themselves and their [sic] own acts" are

were active, where these "links" appeared, or the content of the landing pages to which consumers were directed from these "links." Absent such allegations, the Second SAC remains devoid of facts "specific enough to give [LegalZoom] notice of the particular misconduct . . . so that [LegalZoom] can defend against the charge and not just deny that [it has] done anything wrong." *See Vess*, 317 F.3d at 1106 (citation omitted). Such conclusory allegations provide no basis for Plaintiff's Lanham Act claim. *See Kearns*, 567 F.3d at 1126-27 (affirming dismissal where "[n]owhere in the [complaint] does Kearns specify what the television advertisements or other sales material specifically stated"); *AccuImage Diagnostics Corp.*, 260 F. Supp. 2d at 948-49 (dismissing Lanham Act claims where complaint did not "allege any facts regarding the location, timing, or content of [defendant's] allegedly false statements").

### b. Plaintiff's Proximate Cause Allegations Are Factually And Legally Deficient.

To have standing to "invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014). More specifically:

> [A] plaintiff suing under § 1125(a) ordinarily must show economic or reputational **injury flowing directly from the deception** wrought by the defendant's advertising; and **that occurs when deception of consumers causes them to withhold trade from the plaintiff**. That showing is generally not made when the deception produces injuries to a fellow commercial actor that in turn affect the plaintiff.

*Id.* at 1391 (emphasis added).[4] Having previously suffered dismissal of the FAC for failing to plead causation, and denial of leave to file the First SAC for the identical reason, Plaintiff resorts to a

on information and belief. (SSAC ¶ 1.) The allegations in paragraph 46 do not involve Plaintiff or its acts. The Ninth Circuit requires plaintiffs making allegations based on information and belief, to "state the factual basis for [its] belief. . . ." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993); *see also Bly-Magee v. California*, 236 F.3d 1014, 1018-19 (9th Cir. 2001). Plaintiff has not stated the basis for the beliefs stated in paragraph 46.

[4] For this reason, Plaintiff cannot base its Lanham Act standing on any harm that is derivative of LegalForce RAPC's alleged lost trademark registration sales. *See Lexmark*, 134 S. Ct. at 1394 (noting the "general tendency not to stretch proximate causation" to permit recovery for indirect injuries unless there are "unique circumstances" where causation "follow[s] more or less automatically," (*i.e.,* a "1:1" ratio) between direct and indirect harm despite intervening causes); *Congoo, LLC v. Revcontent LLC*, 2017 WL 5076397, at *6 (D.N.J. Nov. 3, 2017) ("Plaintiff has set forth facts demonstrating a situation where, unlike in *Lexmark*, a disconnect exists 'between the injury to the direct victim'. . . . Plaintiff's injury may have 'resulted from any number of [other] reasons.'" (footnotes and citations omitted)).

convoluted causation theory in the Second SAC.   However, as set forth below, Plaintiff's manufactured accusations cannot save its Lanham Act claim.

### (1)      It Is Implausible Plaintiff Was Injured By The Alleged Misconduct.

Plaintiff claims that trademark watch/monitoring services are "utilized by customers who are actively policing their *existing* trademarks." (SSAC ¶ 2 (emphasis added).)   Yet, Plaintiff nonsensically alleges that LegalZoom violated the Lanham Act because it "misdirected" consumers seeking LegalZoom's trademark watch/monitoring services to "landing pages offering [LegalZoom's] trademark application filing services."   (*Id.* at ¶ 6.)   Plaintiff claims that as a result of such conduct, it has been injured. (*Id.* at ¶ 51.)   This is simply not plausible. *See Twombly,* 550 U.S. at 570 (stating that a complaint must have "enough facts to state a claim to relief that is plausible on its face.").[5]

First, it is illogical that LegalZoom would knowingly prevent customers interested in its trademark watch/registration services from being able to access such services. *Cf. Jennerjahn v. City of L.A.*, 2016 WL 1358950, at \*14 (C.D. Cal. Mar. 15, 2016) (noting that courts are "permitted to draw only *reasonable* inferences" and denying to read a complaint in the manner advocated by the plaintiff since it was "not a reasonable inference from that series of events"), *report and recommendation adopted*, 2016 WL 1327555 (C.D. Cal. Apr. 5, 2016).

Second, Plaintiff never alleges facts as to why it is reasonable to infer that a customer who has an existing trademark and is looking for trademark watch/monitoring services[6] would decide instead to register a new trademark with LegalZoom.   Plaintiff's causation theory is akin to asking the Court to conclude that when a customer sees an online advertisement for an automobile oil change, and then

---

[5] In passing, Plaintiff claims LegalZoom's alleged misconduct "allow[s] LegalZoom to spend more advertisement to acquire more trademark watch customers using the illegally-gained profits from the unlawful trademark filing service."   (SSAC ¶ 6.)   This theory—that LegalZoom's ill-gotten gains allow it to further its unfair competition with Plaintiff—has been previously addressed and found too remote to confer standing. *See Anza v. Ideal Steel Supply Corp.,* 547 U.S. 451, 457-59 (2006) (dismissing, on proximate cause grounds, a civil Racketeer Influenced and Corrupt Organizations Act claim by a company alleging that a competitor "harmed it by defrauding the New York tax authority and using the proceeds from the fraud to offer lower prices designed to attract more customers," reasoning that the lower prices could have occurred "for any number of reasons unconnected to the asserted pattern of fraud").

[6] Plaintiff's failure to describe the services provided in its and LegalZoom's trademark watch/monitoring services further undercuts its causation allegations as it is unclear whether the companies' offer competing trademark watch/monitoring services.

COOLEY LLP
ATTORNEYS AT LAW

10.

**DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC**

is taken to a car dealership website when he "clicks" on the oil change advertisement, it is plausible the customer will decide to buy a car. The inferential leaps required under Plaintiff's causation theory are pure speculation. That is not permissible. *See Twombly,* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Sprewell*, 266 F.3d at 988 ("unreasonable inferences" are to be disregarded).

> **(2)    The Second SAC's Allegations Supporting Plaintiff's Causation Theory Are Contradicted By Prior Allegations And Judicially-Noticeable Facts.**

In addition to basing its tortured causation theory on unreasonable inferences, the few purported "facts" in the Second SAC addressing causation are contradicted by Plaintiff's prior allegations and judicially noticeable facts. *See Sprewell*, 266 F.3d at 988 ("allegations that contradict matters properly subject to judicial notice" are to be disregarded); *McKenna v. WhisperText*, 2015 WL 5264750, at *3 (N.D. Cal. Sept. 9, 2015) ("[T]he court may also consider the prior allegations as part of its context-specific inquiry based on its judicial experience and common sense to assess whether an amended complaint plausibly suggests an entitlement to relief." (quotation marks omitted)).

Plaintiff claims that its recent "decline in sales and market share" is a result of "customers choos[ing] to purchase LegalZoom's trademark watch service instead of" Plaintiff's service because, unlike LegalZoom, Plaintiff allegedly cannot offer customers both trademark registration and watch/monitoring services. (SSAC ¶¶ 6, 24, 51; *see id.* at ¶ 5 ("By bundling an unlawful service with the trademark watch service, LegalZoom was able to sell more trademark watch services than Trademarkia could.").)[7]   Yet, Plaintiff's claim that it "cannot bundle trademark filing service with its watch service," (*id.* at ¶ 24) is undermined by the FAC. In the FAC, Plaintiff alleged that the law firm of its CEO and co-founder offers trademark registration services through the same Trademarkia.com website through which Plaintiff offers its trademark watch/monitoring service:

> The website Trademarkia.com was created by the law firm of LegalForce RAPC Worldwide in 2009 but was spun off into a separate entity. **Plaintiff LegalForce RAPC Worldwide is the sole provider of legal services through the website Trademarkia.com with respect to trademark filings before the USPTO**.

(ECF 10 at ¶ 17 (emphasis added).) In fact, Trademarkia.com conspicuously advertises trademark

---

[7] Plaintiff confusingly defines offering both services as "bundling." (SSAC ¶ 2, 5.)

filing services immediately adjacent to its trademark watch services. (*See* Request for Judicial Notice, Ex. 1.) While Trademarkia.com may offer the two services through separate corporate entities, Plaintiff fails to plead facts explaining how this would affect a consumer's perception of Trademarkia.com's offerings.

Thus, Plaintiff's claim that it lost sales because LegalZoom offers both trademark registration and trademark watch services is not supported by the Second SAC's allegations.

### (3) Plaintiff's Proximate Cause Allegations Are Legally Deficient.

Even if the Court were to credit Plaintiff's claim that customers care that registration and watch/monitoring services are provided by the same legal entity, Plaintiff's causation theory is nevertheless non-cognizable as a matter of law.

The Second SAC's allegations demonstrate that LegalZoom has not taken any sales away from Plaintiff because Plaintiff does not offer *both* trademark watch and trademark registration services, which is what consumers allegedly purchase from LegalZoom. If, hypothetically, LegalZoom were no longer in the trademark registration market, a customer who would have otherwise made a purchase from LegalZoom because it wants *both* trademark registration and watch/monitoring services would *not* go to Plaintiff, but instead would go to a *different provider* who offers *both services*. Thus, if "Trademarkia cannot bundle trademark filing service with its watch service," (SSAC ¶ 24), then Plaintiff and LegalZoom are not competing for the same customers, and Plaintiff does not have standing to bring this claim.[8]

### c. Plaintiff's Claims Are Barred By Laches Because They Are Untimely And Prejudicial.

"It is well established that laches is a defense to Lanham Act claims." *Pipe Restoration Techs.,*

---

[8] Indeed, the Second SAC "lacks any factual allegations that Plaintiff actually competes with [LegalZoom] to provide ['bundled'] services or that [it] competes or intends to compete with [LegalZoom] for the same pool of customers—i.e., those seeking to purchase ['bundled'] services. . . . Similarly, Plaintiff nowhere pleads a 'chain of inferences' showing how [LegalZoom's] alleged misrepresentations related to the provision of ['bundled'] services could possibly cause competitive harm to [Plaintiff's] provision of [stand-alone monitoring] services." *See Stahl Law Firm v. Judicate W.*, 2013 WL 4873065, at *3 (N.D. Cal. Sept. 12, 2013) (internal citations omitted) (discussing causation in the context of Article III).

COOLEY LLP
ATTORNEYS AT LAW

12.

DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC

*LLC v. Pipeline Restoration Plumbing, Inc.*, 2014 WL 12573357, at *2 (C.D. Cal. July 8, 2014). While laches is not often dispositive on a motion to dismiss, the Second SAC's new allegations create a rare scenario where a plaintiff pleads itself into a laches defense. Here, Plaintiff has, or could have, known LegalZoom provides both trademark watch/monitoring and filing services since as early as 2011, yet waited until 2018 to file a complaint containing such allegations. (SSAC ¶¶ 9-12.) In light of this unreasonable and prejudicial delay, to the extent Plaintiff's Lanham Act claim is premised on a claim that LegalZoom's trademark watch/monitoring services advertisements are deceptive due to LegalZoom's purported trademark registration services, the claim should be dismissed under the laches doctrine. *See Lifeway Foods, Inc. v. Millenium Prods., Inc.*, 2016 WL 7336721, at *3 (C.D. Cal. Dec. 14, 2016) (granting defendants' motion to dismiss Lanham Act claims on the basis of laches).

"To demonstrate laches, the defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001) (internal quotation marks and citation omitted).[9] "In assessing whether a plaintiff's delay was reasonable, the Court looks to the limitation period for the most analogous state law cause of action." *Fitbug Ltd. v. Fitbit, Inc.*, 78 F. Supp. 3d 1180, 1189 (N.D. Cal. 2015). "Courts considering Lanham Act false advertising claims have found the analogous statute of limitations under California law to be the three-year limitations period for fraud claims." *See Pipe Restoration Techs.*, 2014 WL 12573357, at *2 (finding delay of 6 years unreasonable).

Plaintiff alleges in its Second SAC that "Trademarkia and LegalZoom are not strangers." (SSAC ¶ 9.) Plaintiff goes on to describe a purported relationship with LegalZoom as far back as 2011, a time at which the parties allegedly engaged in partnership and acquisition negotiations. (*Id.*) Plaintiff claims LegalZoom held itself out as a "self-help legal website that offered no legal advice other than through independent attorneys and independent law firms." (*Id.*) Plaintiff's awareness of LegalZoom's offerings as of 2011 is sufficient to trigger a finding of unreasonable delay. *See Lifeway Foods, Inc.*, 2016 WL 7336721, at *3 ("[H]aving established that the wrongful conduct began outside of the statute of limitations, this Court also finds that Plaintiff's Lanham claims are barred by laches.").

---

[9] It is of no consequence that LegalZoom has allegedly continued this purportedly unlawful conduct. "[T]he theory of continuing wrong does not shelter [a defendant] from the defense of laches." *Pipe Restoration Techs., LLC*, 2014 WL 12573357, at *3 (internal quotation marks and citation omitted).

COOLEY LLP
ATTORNEYS AT LAW

13.

DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC

Likely recognizing this, Plaintiff alleges that it only learned about LegalZoom's purported unauthorized practice of law in the past year. But, that is not enough to save it from a laches defense. Laches is triggered by constructive knowledge, not just actual knowledge. *See Fitbug Ltd.*, 78 F. Supp. 3d at 1187-88 (finding laches period started at the point where "a prudent business person should have recognized the likelihood of confusion"). To plead around a laches defense, a plaintiff is required to plead it did not and *could not have* learned about the alleged misconduct sooner. *Baby Trend, Inc. v. Playtex Prods., LLC*, 2013 WL 4039451, at *4 (C.D. Cal. Aug. 7, 2013) ("To invoke the discovery rule, plaintiffs are required to plead and prove facts showing: (a) lack of knowledge; (b) lack of means of obtaining knowledge (in the exercise of reasonable diligence the facts could not have been discovered at an earlier date); and (c) how and when the plaintiff actually discovered the fraud."). Indeed, where a plaintiff alleges the defendant is a competitor, it should exercise reasonable diligence by, "at a minimum . . . investigating a direct competitor's advertising claim." *Id.* at *4-5 (dismissing claim with prejudice where plaintiff failed to show it took steps to investigate its competitor's advertising claims, and did not allege "any explanation for how they lacked means of obtaining that knowledge or how the facts could not have been discovered at an earlier date").

Plaintiff does not plead facts indicating that it could not have discovered the alleged wrongdoing earlier. Nor could it, since Plaintiff claims it uncovered LegalZoom's alleged misconduct by filing a test trademark application. (ECF 1 at ¶ 50-54.) Plaintiff pleads no facts as to why it could not have performed its "investigation" years ago, certainly where it claims it was in acquisition talks with LegalZoom and any reasonable business person would have begun to conduct diligence. *See Baby Trend, Inc.*, 2013 WL 4039451, at *4; *Lifeway Foods, Inc.*, 2016 WL 7336721, at *3 ("Plaintiff only alleged one reason for its failure to bring suit earlier," which "is flatly contradicted by evidence subject to judicial notice. With no other explanation to justify Plaintiff's delay, this Court finds that the delay was unreasonable.").

Finally, Plaintiff admits that its delay in bringing suit was prejudicial to LegalZoom. "A defendant may establish prejudice by showing that during the delay, it invested money to expand its business or entered into business transactions based on his presumed rights." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 999 (9th Cir. 2006); *see Pipe Restoration Techs., LLC*, 2014 WL 12573357,

COOLEY LLP
ATTORNEYS AT LAW

14.

**DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC**

at *3 (finding "sufficient prejudice" where company "expended hundreds of thousands of dollars in marketing and advertising"). In the Second SAC Plaintiff alleges LegalZoom invested a significant amount of time and money into developing its trademark registration and filing practices, which Plaintiff now claims is unlawful. (SSAC ¶ 25 (noting that LegalZoom has spent money on advertising in order to grow its business).) Accordingly, unreasonable delay and prejudice is present and therefore laches bars Plaintiff's Lanham Act claim. *See Pipe Restoration Techs., LLC*, 2014 WL 12573357, at *3-4.

**2.     Plaintiff Fails To Plead A Lanham Act Violation Based On The Domain Name LegalZoomTrademarkia.com.**

Plaintiff also alleges that the Disputed Domain, LegalZoomTrademarkia.com, constitutes false advertising under the Lanham Act because (i) it "contain[s] the express falsehood that somehow defendant LegalZoom is affiliated with plaintiff Trademarkia," and (ii) LegalZoom redirected customers from LegalZoomTrademarkia.com to LegalZoom.com. (SSAC ¶ 47.) Plaintiff, however, fails to adequately plead, as it must, that: (a) this domain name qualifies as a "commercial advertisement"; or (b) Plaintiff "has been or is likely to be injured as a result of" the alleged redirection of website traffic from the Disputed Domain to LegalZoom.com. *See L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 859-60 (N.D. Cal. 2015).

**a.     LegalZoomTrademarkia.com Is Not A Commercial Advertisement.**

A commercial advertisement must be, *inter alia*, "disseminated sufficiently to the relevant purchasing public." *Id*. at 863 (quoting *Rice v. Fox Broad. Co.,* 330 F.3d 1170, 1181 (9th Cir. 2003)). Plaintiff does not (and cannot) allege any facts showing that the Disputed Domain was "disseminated" to anyone, let alone that it was "disseminated sufficiently to the relevant purchasing public." *See id.* For instance, Plaintiff does not allege that LegalZoom promoted the Disputed Domain such that it was readily available through Internet search engines—*i.e.*, the Disputed Domain would appear if someone searched for "LegalZoom" or "Trademarkia" using Google or Bing. *Cf. Personalized User Model LLP v. Google Inc.,* 2012 WL 295048, at *1 (D. Del. Jan. 25, 2012) ("Because of the magnitude of material available on the internet, users need some type of filtration system to help sort through the overwhelming amount of irrelevant and useless information."). Nor does Plaintiff allege LegalZoom informed members of the relevant purchasing public of the Disputed Domain's existence in any other

COOLEY LLP
ATTORNEYS AT LAW

15.

**DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC**

manner (such as on another website or in a newspaper). The Second SAC has therefore not pled that the Disputed Domain qualifies as a commercial advertisement actionable under the Lanham Act. *See Open Air Entm't, LLC v. CW Cases*, 2012 WL 12892362, at *5 (C.D. Cal. July 26, 2012) (dismissing claim where advertisement not sufficiently disseminated to be a commercial advertisement).

### b.    Plaintiff Does Not Allege Any Facts Showing It Suffered Harm.

Plaintiff simply *concludes* it suffered a "decline in sales and market share, loss of goodwill, and additional losses and damages" (SSAC ¶ 51), but it pleads no facts to tie that allegation to LegalZoom's alleged use of the Disputed Domain. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395 (2014) ("To invoke the Lanham Act's cause of action for false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations."). Indeed, Plaintiff does not plead facts identifying a single lost sale due to the Disputed Domain, or any facts regarding its alleged loss of goodwill. *Cf. id*. at 1391 ("A plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing *directly* from the deception wrought by the defendant's advertising; ***and that occurs when deception of consumers causes them to withhold trade from the plaintiff***." (emphasis added)). In light of Plaintiff's insufficient allegations, this claim should be dismissed. *See Plan P2 Promotions, LLC v. Wright Bros., Inc.,* 2017 WL 1838943, at *5 (S.D. Cal. May 8, 2017) ("[T]he allegations in Plaintiff's FAC merely state that Defendants have, for instance, engaged in false advertising . . . and this has somehow caused Plaintiff to suffer damages, [citation.] . . . . This is insufficient to plead proximate causation to support a Lanham Act claim.").

### B.    Plaintiffs' Claim Under California's UCL (Count III) Is Insufficiently Plead.

Plaintiff alleges that the same conduct underlying its deficiently pled Lanham Act claim is sufficient to plead a violation under the "unlawful" and "unfair" prongs of the UCL. (SSAC ¶¶ 52-53.) Not so. *See Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994) (noting that UCL and Lanham Act claims are "substantially congruent" and affirming dismissal of UCL claim on same grounds as Lanham Act claim). Plaintiff's allegations are, again, inadequate to state a claim under either of these two prongs, and should be dismissed.

COOLEY LLP
ATTORNEYS AT LAW

16.

DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC

**1.     Plaintiff Lacks UCL Standing Because It Cannot Plead that LegalZoom's Alleged Conduct Caused It Harm.**

To satisfy the statutory standing requirements of the UCL, Plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury,* and (2) show that that economic injury was the result of, i.e., *caused by,* the unfair business practice or false advertising that is the gravamen of the claim." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011). Plaintiff's standing theory under the UCL is that its "loss of income, profits and valuable business opportunities" is a result of (1) "customers choos[ing] to purchase LegalZoom's trademark watch service instead of Trademarkia's because LegalZoom bundles the watch service with trademark filing services," (SSAC ¶¶ 58, 6), and (2) LegalZoom misdirecting "website traffic from its www.legalforcetrademarkia.com [sic] domain to LegalZoom.com" (SSAC ¶ 56(b).) Plaintiff's standing arguments are defective.

"When a UCL action is based on an unlawful business practice, . . . there must be a causal connection between the harm suffered and the unlawful business activity." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1099 (July 3, 2007). In *Daro*, for example, tenants of an apartment building brought a UCL action against the property owners to enjoin them from selling subdivided interests in the property alleging that the property owners failed to obtain and provide potential buyers with the "public report" required by the Subdivided Lands Act. *Id.* at 1086. The court found the "lack of causation . . . illustrated by the fact the tenants would suffer the same injury regardless of whether the owners complied with or violated the Subdivided Lands Act [because], even if the [property] owners fully complied with the trial court's injunction, the tenants would still face eviction." *Id.* at 1099 (reversing order granting injunctive relief).

The same is true here. Plaintiff seeks monetary relief and an order enjoining LegalZoom from providing trademark filing services alleging that LegalZoom's conduct constitutes the unauthorized practice of law. (SSAC ¶¶ 54, 59.) Plaintiff alleges that "LegalZoom is able to sell more watch and monitoring services because customers want a bundled service and therefore Trademarkia loses sales." (*Id.* at ¶ 55.) Plaintiff, however, claims that "Trademarkia cannot bundle trademark filing service with its watch service." (*Id.* at ¶ 24.) Meaning, even if LegalZoom were enjoined from offering trademark

COOLEY LLP
ATTORNEYS AT LAW

17.

DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC

filing services, consumers *still* would not choose to purchase trademark watch/monitoring services from Plaintiff because Plaintiff does not offer the "bundled" services that consumers are allegedly seeking. In other words, Plaintiff "lack[s] standing to pursue a UCL claim premised on [LegalZoom's purported unauthorized practice of law]" because Plaintiff's "claimed injury does not result from [LegalZoom's] alleged [unauthorized practice of law]." *See Daro*, 151 Cal. App. 4th at 1086. Thus, in addition to the fact a causal connection is improbable (*supra* Section IV.A.1.b.1) and is contradicted by Plaintiff's prior pleadings and judicially noticeable facts (*supra* Section IV.A.1.b.2), because there is no causal connection between LegalZoom's alleged conduct and Plaintiff's purported harm even if Plaintiff's allegations are credited, Plaintiff's UCL claim should be dismissed.

With respect to the Disputed Domain, Plaintiff has not alleged that this has resulted in the loss of a single sale to Plaintiff. As such, the Disputed Domain allegations cannot support a UCL claim. *Cf. Kwikset Corp.*, 51 Cal. 4th at 322.

### 2. Plaintiff Fails To Plead A Violation Of The UCL's "Unfair" Prong.

An act is "unfair" for purposes of competitor claims under the UCL where the act "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal. 4th 163, 187 (1999). As a prerequisite to stating a claim under the "unfair" prong of the UCL, a plaintiff must show a significant threat of harm to competition, not merely harm to the plaintiff's own commercial interests. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811-12 (9th Cir. 1988) ("[T]he antitrust laws were enacted for the protection of *competition*, not *competitors*." (citation omitted) (emphasis added)); *see also Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 508 (9th Cir. 1989) (A plaintiff "must plead and prove a reduction of competition in the market in general and not mere injury to their own positions as competitors."); *Cel-Tech*, 20 Cal. 4th at 186 ("Injury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws."). The Second SAC, however, contains no allegations suggesting that LegalZoom's conduct has harmed competition. Rather, Plaintiff merely alleges harm to itself. Thus, this claim under the UCL unfair prong should be dismissed. *See TreeFrog Devs., Inc. v. Seidio, Inc.*, 2013 WL 4028096, at *5 (S.D.

COOLEY LLP
ATTORNEYS AT LAW

18.

**DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC**

Cal. Aug. 6, 2013) (dismissing "unfair" claim where "Defendant allege[d] harm to itself as a competitor, [but] fail[ed] to assert harm to competition and therefore fail[ed] to allege the requisite violation of the 'policy or spirit' of an antitrust law"); *accord Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal. App. 4th 1, 20 (2012).

Additionally, to the extent Plaintiff's "unfair" UCL claim is based on LegalZoom allegedly linking its webpage discussing trademark registration services to an online advertisement for LegalZoom's trademark watch/monitoring services, Plaintiff again fails to plead specifics about the online advertisements at issue. (*See supra* Section IV.A.1.a.) Thus, the claim must be dismissed because Plaintiff has failed to comply with Rule 9(b).

### C. Plaintiffs' Claim For Declaratory Judgment (Count I) Should Be Dismissed.

Plaintiff seeks a declaratory judgment that "LegalZoom's trademark filing service violates [sic] the unauthorized practice of law." (SSAC ¶ 37.) Alternatively, Plaintiff seeks declaratory judgment regarding the manner in which it can provide trademark registration services. (*Id.* at ¶ 43.) The Court already dismissed identical claims for declaratory relief. (*See* ECF 103 at 2:1-19 (dismissing declaratory relief claim in FAC); ECF 111 at 3:2-24 (denying leave to file declaratory relief claim in SAC as futile).) The Second SAC does not cure the deficiencies identified by the Court, and Plaintiff's declaratory judgment claim fails for at least three reasons.

First, "[d]eclaratory relief is ultimately a request for relief, rather than a cause of action, and in order to weigh it the underlying claims must be valid." *Dorado v. Shea Homes Ltd. P'ship*, 2011 WL 3875626, at *20 (E.D. Cal. Aug. 31, 2011). Plaintiff's Lanham Act and UCL claims fail to state a claim upon which relief can be granted. (*See supra* Sections IV.A and IV.B.) "[B]ecause the other causes of action fail to state a claim, Plaintiff has not demonstrated the requisite 'substantial controversy' for declaratory judgment." *Glendora Courtyard, LLC v. BBVA Compass Bancshares Inc.*, 2017 WL 960431, at *8 (S.D. Cal. Mar. 13, 2017); (*see* ECF 103 at 2:13-17 ("LegalForce fails to allege it 'suffered an injury in fact' that is 'likely to be redressed' by issuance of a declaration"); ECF 111 at 3:14-19 (same).)

Second, "[a] declaratory relief claim is 'unnecessary where an adequate remedy exists under some other cause of action.'" *Huweih v. US Bank Tr., N.A.*, 2017 WL 396143, at *6 (N.D. Cal. Jan.

COOLEY LLP
ATTORNEYS AT LAW

19.

**DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC**

30, 2017) (Chesney, J.) (quoting *Mangindin v. Wash. Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009)). Plaintiff admits that its claim for declaratory relief is derivative of its other claims. (SSAC ¶ 37 ("An actual controversy has arisen . . . because of LegalZoom's violation of false advertising and unfair competition.").) Accordingly, because Plaintiff can obtain any appropriate relief through its Lanham Act and UCL claims, the declaratory relief claim should be dismissed as "duplicative and unnecessary." *Mangindin*, 637 F. Supp. 2d at 708.

Third, to the extent Plaintiff seeks a declaration regarding *Plaintiff's conduct* rather than LegalZoom's conduct (*see* SSAC ¶ 43), LegalZoom is not a proper defendant. Where, as here, a plaintiff challenges "a government's policy or custom," the action "must be brought against a defendant with the authority to enforce such a policy." *Pelayo v. Hernandez*, 2015 WL 4747831, at *5 (N.D. Cal. Aug. 11, 2015), *aff'd*, 671 F. App'x 1000 (9th Cir. 2016); *see Shell Gulf of Mex. Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014) ("When identifying the adverse legal interests arising from the law underlying the request for declaratory relief, courts examine both the persons who can assert rights under that law and those who have obligations under it."). LegalZoom has no authority to regulate whether or how Plaintiff offers trademark registration services, so it cannot provide the relief requested and the claim should be dismissed. *Cf. Hewitt v. Helms*, 482 U.S. 755, 761 (1987) ("[W]hat makes [a judicial pronouncement] a proper judicial resolution of a 'case or controversy' rather than an advisory opinion[,] is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff*.").

**D.    Plaintiff Lacks Article III Standing.**

For the same reasons that Plaintiff lacks statutory standing under the Lanham Act and UCL, Plaintiff also lacks Article III standing. The Supreme Court has set forth three requirements to establish Article III standing: (1) "the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical'"; (2) "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant'"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations

COOLEY LLP
ATTORNEYS AT LAW

20.

DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC

omitted). Plaintiffs fail to plead facts showing a "concrete and particularized" injury in fact that is "fairly traceable" to LegalZoom's alleged conduct.

*Two Jinn, Inc. v. Government Payment Service, Inc.*, 2010 WL 1329077 (S.D. Cal. Apr. 1, 2010), is instructive. There, the plaintiff was a "licensed bail agent" that contended that the defendant engaged in bail transactions without a valid license in violation of the UCL. *Id.* at *1. The plaintiff asserted an injury in fact "on the basis that '[s]ome of the diverted bail customers certainly would have purchased bail from [the plaintiff]" if not for the defendant's unfair competition. *Id.* at *3. The court found that this was insufficient because the plaintiff had not identified any "customers who would have purchased bail from sources other than" the defendant, or that customers "would have chosen the services of [the plaintiff] over the other various bail services." *Id.*

The Second SAC suffers from the same defect. Plaintiff makes conclusory allegations that "Trademarkia suffered lost revenue and market share," (SSAC ¶ 8), but fails to point to any customer that selected LegalZoom over Plaintiff, or that withheld trade from Plaintiff because of the Disputed Domain. And crucially, Plaintiff offers no facts to show that customers would have chosen Plaintiff over other trademark watch/monitoring services besides LegalZoom. This renders Plaintiff's allegations of injury too "attenuated" and "conjectural" to meet Article III's standing requirements. *See Two Jinn, Inc.*, 2010 WL 1329077, at *3.

## V.   THE SECOND SAC SHOULD BE DISMISSED WITH PREJUDICE.

Plaintiff has now presented four complaints in this action, all of which have failed to state a claim upon which relief can be granted. Enough is enough. *See, e.g.*, *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990) (affirming denial of leave to amend after three failed complaints and noting that "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation omitted)). Plaintiff's repeated defective pleadings have imposed substantial costs on LegalZoom. LegalZoom requests that the Court dismiss Plaintiff's claims with prejudice.

[continued on next page]

COOLEY LLP
ATTORNEYS AT LAW

21.

DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC

## VI.   CONCLUSION.

For the foregoing reasons, Plaintiff's Second SAC should be dismissed with prejudice.

Dated:        May 31, 2018              COOLEY LLP

                                       *s/ Michelle C. Doolin*
                                       Michelle C. Doolin (179445)
                                       Attorneys for Defendant LEGALZOOM.COM, INC.

COOLEY LLP
ATTORNEYS AT LAW

22.

**DEFENDANT LEGALZOOM'S
MOTION TO DISMISS SSAC; MEMO OF P. & A.
3:17-CV-07194-MMC**