IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALFORCE RAPC WORLDWIDE, P.C, <br><br> Plaintiff, <br><br> v. <br><br> LEGALZOOM.COM, INC., <br><br> Defendant. | Case No. 17-cv-07194-MMC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 144 |

Before the Court is plaintiff LegalForce RAPC Worldwide, P.C.'s ("LegalForce RAPC") "Motion for Leave to File Motion for Reconsideration," filed September 5, 2018. Having read and considered the motion, the Court rules as follows.

By order filed April 10, 2018, the Court granted defendant LegalZoom.com, Inc.'s ("LegalZoom") motion to compel arbitration of LegalForce RAPC's claims as asserted against LegalZoom. Specifically, the Court found LegalZoom and LegalForce RAPC, acting through its employee Ryan Bethell ("Bethell"), entered into an agreement titled "Terms of Service," and that LegalForce RAPC's claims fell within the scope of an arbitration clause contained therein.

By the instant motion, LegalForce RAPC seeks leave to file a motion for reconsideration of the Court's finding that LegalForce RAPC entered into the Terms of Service, in light of what it refers to as "Clause 15," which clause, contained in a document titled "Terms of Use,"[1] reads in full as follows: "The site is made available for your

---

[1] The Terms of Service provides that the "the Site's general terms of use (the 'Terms of Use') also apply to the[ ] Terms of Service" and that the Terms of Use are "incorporated . . . by reference" into the Terms of Service. (See Abhyanker Decl. Ex. 2 at 2.)

personal use on your own behalf." (See Abhyanker Decl., filed September 5, 2018, Ex. 1 at 14.)   LegalForce RAPC argues that the Court should interpret Clause 15 as making it "legally impossible" for Bethell to act on behalf of LegalForce RAPC (see Pl.'s Mot for Leave at 2:19-22), and, consequently, should find that LegalForce RAPC was not a party to the Terms of Service.

Under the Local Rules of this District, a party seeking reconsideration of an interlocutory order must show (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material facts or a change in law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." See Civil L. R. 7-9(b).

In support of the instant motion, LegalForce RAPC solely relies on the third of the above-quoted circumstances.  LegalForce RAPC cannot show, however, that the Court failed to consider any argument based on Clause 15, as no such argument was made. Indeed, neither LegalForce RAPC's opposition to the motion to compel arbitration nor any declaration offered by LegalForce RAPC in support thereof contains any reference to the Terms of Use, let alone to Clause 15.  To the extent LegalForce RAPC may be contending the Court should have sua sponte searched the Terms of Use to determine if there was any argument LegalForce RAPC could have made based thereon, any such contention is without merit.  See Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1029-30 (9th Cir. 2001) (rejecting argument, made in context of motion for summary judgment, that district court has "independent duty to search and sift the factual record for the benefit of [the party opposing the motion]"; holding district court "need not consider [evidence] unless it is brought to the district court's attention in the opposition").

Accordingly, the motion will be denied on such procedural grounds.

Moreover, even if the instant argument had been timely raised by LegalForce

2

RAPC, it would have been insufficient to defeat the motion.  First, to the extent LegalForce RAPC contends a user of LegalZoom's website "cannot be the 'agent' of" another or "act on behalf of anyone else" (see Pl.'s Mot. for Reconsideration at 6:12-13 (emphasis omitted)), the Court disagrees.  The Terms of Use provides that "you" and "your" are references to "each customer" (see Abhyanker Decl. Ex. 1 at 1), and, consequently, Clause 15 does no more than state that each customer may only use LegalZoom's website for such customer's own personal, as opposed to, e.g., commercial, use.  To the extent LegalForce RAPC contends the use of any term in the arbitration clause is contrary to such interpretation, the Court disagrees.  Lastly, to the extent LegalForce RAPC may be arguing that a LegalZoom customer may only be an individual rather than an entity, such interpretation is foreclosed by the Terms of Use, which provides that references therein to "you," i.e., the "customer," include the customer's "subsidiaries" and "predecessors in interest" (see id. Ex. 1 at 6), language clearly indicating "customer" encompasses a corporation or other entity.

Accordingly, for all of the above reasons, LegalForce RAPC's motion for leave to file a motion for reconsideration is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 14, 2018

MAXINE M. CHESNEY
United States District Judge